## CHARLES F. VAIL v. MAGGIE STONE AND C. F. STONE.

(Filed 16 December, 1942.)

**1. Appeal and Error § 19—**

Where the record does not show the organization of the court below or the authority of the special judge who signed the judgment, or disclose that the judgment was entered at term, the appeal is dismissed under Rule 19 of this Court.

**2. Trusts §§ 1b, 7, 15—**

Where a complaint alleges that defendant, mother of plaintiff, when plaintiff was a minor, deposited in bank money belonging to plaintiff and

afterwards bought a lot therewith, taking title in her own name but explaining to plaintiff that she held the lot for him and would, as soon as he reached his majority, convey same to him and that, shortly after plaintiff became of age he built a house on said lot, has paid the taxes since, and had no notice of any disavowal of the trust until very shortly before filing complaint. *Held:* (1) A demurrer *ore tenus* was properly overruled, both an express trust and a resulting trust being alleged; (2) and motion for judgment on the pleading is without merit, the only material admission in the answer being that plaintiff has been in possession for some time, exercising the incidents of ownership; and (3) motion for trial on plea of statute of limitations, before trial on merits, was properly denied.

APPEAL by defendants from *Olive, Special Judge,* at August Term, 1942, of GUILFORD. Affirmed.

Civil action to have plaintiff adjudged the beneficial owner of certain real property, title to which is now vested in the *feme* defendant and to compel conveyance thereof.

This action was instituted in the municipal court of High Point. When the cause came on for trial the defendants demurred *ore tenus* to the complaint for that it does not state a cause of action. The demurrer was overruled and the defendants excepted. They then moved for judgment on the pleadings. The motion was overruled and the defendants excepted. Thereupon, they moved for a trial on the issue raised by the plea of the state of limitations before a trial on the merits. Motion was overruled and defendants excepted.

Upon appeal to the Superior Court each exception of the defendants was overruled, the judgment of the municipal court was sustained and the cause was remanded for trial. The defendants excepted and appealed.

*Walser & Wright for appellants.*
*Byron Haworth for appellee.*

BARNHILL, J. The record here does not show either the organization of the court below or the authority of the special judge who signed the judgment. Nor does it disclose that the judgment was entered at term. The appeal is, therefore, dismissable under Rule 19 of this Court. *Brown v. Johnson,* 207 N. C., 807, 198 S. E., 570. Even so, we have considered the assignments of error presented.

The complaint alleges:

"3. The defendant, Maggie Stone, is the mother of the plaintiff, Charles F. Vail, and C. F. Stone is the husband of Maggie Stone. About twenty years ago while the plaintiff was a minor under the age of twenty-one years, he saved up money given to him by relatives and friends. When the amount of the savings reached One Hundred Dollars

the defendant, Maggie Stone, deposited said sum in a bank in her name in trust for the plaintiff. Shortly thereafter, on September 15, 1926, the defendant, Maggie Stone, bought a lot, 50 ft. by 200 ft., on the Fairfield Road, being Lot No. 6 of the Rufus King property as recorded in Plat Book 7, Page 9 in the office of the Register of Deeds of Guilford County, North Carolina. The said lot was purchased with the money deposited in the bank in the name of Maggie Stone, being in trust for the plaintiff, Charles F. Vail. The defendant, Maggie Stone, explained to the plaintiff that she was purchasing the said lot for the plaintiff, and that as soon as he reached his majority she would convey said lot to him in fee simple; that the plaintiff became 21 years of age October 4, 1931."

It further alleges that the plaintiff entered into actual possession of the premises in 1934, shortly after reaching his majority; that he built a house thereon; that he has paid all taxes and has remained in possession since said date, and that he had no notice of any disavowal of the trust created by the purchase until recently when the defendant C. F. Stone, husband of the defendant Maggie Stone, notified him that defendants not only declined to make deed but were then seeking a loan on said premises for their own benefit.

The allegations made are sufficient to repel a demurrer. Plaintiff expressly asserts a trust created by contract. Only the plaintiff may take advantage of his infancy. If he is able to offer evidence to sustain the allegations made he will then be entitled to a judgment declaring the trust and requiring a conveyance accordingly.

If we disregard the allegation of contract, even then there is allegation that money belonging to the plaintiff was knowingly used by the *feme* defendant in the purchase of real estate, title to which she took in her own name. She agreed to hold title for plaintiff's benefit. These facts, if established, create a resulting trust. *Teachey v. Gurley,* 214 N. C., 288, 199 S. E., 83.

The motion of defendants for judgment on the pleadings is without merit. The only material admissions contained in the answer are to the effect that plaintiff has been in possession of said premises for some time, collecting the rents therefrom and exercising all the incidents of ownership thereof. Certainly then the facts admitted do not entitle the defendants to a judgment.

As to the third assignment of error the appeal is clearly fragmentary and premature. Even so, it is without merit. Except in case of reference, a defendant is not entitled to a trial on the issue raised by a plea in bar independent of and prior to the trial upon the merits. Such is not in accord with the general practice in our courts.

The judgment below is

Affirmed.