IN THE MATTER OF DONNA FAYE WOODELL.

(Filed 23 November, 1960.)

**1. Notice § 3—**

Where motion to modify for change of condition a decree awarding the custody of a minor is served on respondents, but the hearing at the time designated is postponed, another judge of the Superior Court may thereafter, upon findings, supported by evidence, that the interest of the minor required the motion to be heard at the earliest possible date and that respondents had sufficient notice, hear the motion, and respondents, participating in the hearing and offering evidence, waive their right to further notice, G.S. 1-581, there being nothing to indicate that respondents lacked sufficient time, or failed to introduce any evidence they had or desired to present.

**2. Infants § 9—**

A decree modifying a prior order awarding the custody of a minor to her paternal grandparents by awarding the child's custody to her mother will be affirmed when the decree is based upon findings, supported by evidence, of a material change of conditions subsequent to the prior order and that the best interest of the child, upon the conditions then subsisting, required the awarding of her custody to her mother.

**3. Same—**

A surviving parent has a natural and legal right to the custody and control of a child of the marriage, and while this right is not absolute, it may be denied only when the interest and welfare of the child clearly require.

APPEAL by Steve Woodell and Beulah Woodell from an order of *Hooks, Special Judge,* signed 9 June 1960, RANDOLPH.

Proceeding initiated by petition in the Juvenile Court of Randolph County on 12 September 1959 to determine the custody of Donna Faye Woodell, ten years old, as between petitioner, her mother, Lena Hill Woodell Coltrane, and her paternal grandparents, Steve Woodell and Beulah Woodell, with whom the child then resided.

On 17 September 1959 the Judge of the Juvenile Court of Randolph County, after a hearing, found that it would be to the best interests of the child to award her custody to her mother, and entered a judgment accordingly. From this judgment, her grandparents appealed to the Superior Court.

The appeal was heard at the Special Superior Court September 1960 Civil Term of Randolph before Judge Susie Sharp. After a hearing Judge Sharp found, *inter alia,* as follows: The petitioner is now married to Clyde Coltrane, and three children have been born to this marriage. Petitioner is a person of good character, but she becomes mentally incompetent when pregnant. The stepfather of Donna Faye Woodell has been unkind and cruel to her. Petitioner has at times left her husband, Clyde Coltrane, because of his conduct toward her. Petitioner loves her daughter and her daughter loves her, but her emotional instability, present marital status and obligations prevent her from properly caring for Donna Faye Woodell. Donna Faye Woodell receives $57.80 per month from the government on account of her deceased father's death. Donna Faye Woodell lived with her paternal grandparents, when her mother was a mental patient at Butner, and was well cared for and happy. Her paternal grandparents are fit and proper persons to have her custody, and the best interests of the child require that her custody be awarded to them. Whereupon, Judge Sharp awarded her custody to her paternal grandparents, with a proviso that the mother shall have Donna Faye Woodell each week from Friday afternoon until after breakfast on Sunday, and with a proviso as to the use of Donna Faye Woodell's allowance from the government. From Judge Sharp's order, petitioner appealed to the Supreme Court.

On 9 November 1959, Judge Frank M. Armstrong presiding entered an order dismissing the appeal on the ground that petitioner had abandoned it.

On 12 April 1960, petitioner filed a motion in the Superior Court alleging, *inter alia:* At the time Judge Sharp entered her order petitioner was incompetent, as appears in Lunacy Docket 4, p. 478, in the office of the Clerk of the Superior Court of Randolph County,

but since then she has been declared competent as appears by judgment of the Clerk designated as A 27482. Since Judge Sharp's order Ralph Vernon Woodell, a son of Steve and Beulah Woodell, lives in their house, and he is a man of very bad reputation, has been convicted of larceny and many other offenses, and it is contrary to the best interests of Donna Faye Woodell to live in the house with him. Petitioner and her husband are proper persons to have the custody of the child. Wherefore, petitioner prayed that Judge Sharp's order be modified to award her the custody of her daughter. On the day of the filing of this petition, petitioner had served on Steve and Beulah Woodell a copy of this motion and a notice that she on 22 April 1960 would move before Judge Crissman presiding over a term of Randolph Superior Court that her motion be allowed. On 22 April 1960 Judge Crissman continued the motion due to a jury trial in which he was engaged.

On 27 May 1960 petitioner had served on the attorney for Steve and Beulah Woodell a notice that she would request Judge Crissman to hear her motion at the courthouse in Troy on 1 June 1960 at 1:30 p.m. On 2 June 1960 Judge Crissman entered an order that the motion shall be heard on 7 June 1960 at 9:30 a.m. at High Point.

On 7 June 1960 petitioner moved before Judge Hooks presiding over a civil term of Randolph Superior Court that her motion for a modification of Judge Sharp's order be allowed. Judge Hooks entered an order on the same day in which he recites that counsel for petitioner and Steve and Beulah Woodell were present in court and were heard, and it appearing to him that it would be to the best interests of Donna Faye Woodell for such motion to be heard at the earliest possible date, and that Steve and Beulah Woodell have had sufficient notice of the motion, and that the motion should be heard at 2:30 p.m. on 9 June 1960 in the courthouse at Asheboro, he decreed that the motion would be heard at such time and place.

In the hearing on 9 June 1960 before Judge Hooks, petitioner and Steve and Beulah Woodell were represented by counsel and introduced evidence. After hearing the evidence and arguments of counsel, Judge Hooks entered an order in which he found facts in substance as follows: When Judge Sharp entered her order on 30 September 1959, petitioner was under a mental disability, having been committed to the State Hospital at Butner. She has been adjudicated since then mentally competent by order of the Clerk of the Superior Court of Randolph County, and restored to all of her rights. She is now fully competent to have the care and custody of Donna

Faye Woodell. She is a person of unimpeached character and reputation. The best interest of Donna Faye Woodell would be served if her custody is awarded to her mother. There has been a change in circumstances since Judge Sharp entered her order. Whereupon, Judge Hooks decreed that full custody of Donna Faye Woodell be awarded to petitioner, her mother, and that the paternal grandparents be allowed to visit the child at petitioner's home during reasonable hours.

From this order Steve and Beulah Woodell appealed to the Supreme Court.

*Moser & Moser for petitioner, appellee.*
*Ottway Burton for respondents, appellants.*

PARKER, J.   Steve and Beulah Woodell assign as errors: (1) The recital in Judge Hooks' order dated 7 June 1960 that it appears to him that it would be to the best interest of Donna Faye Woodell that petitioner's motion for a modification of Judge Sharp's order be heard at the earliest possible date, and that Steve and Beulah Woodell have had sufficient notice of the motion, and that no further notice of such motion should be given; (2) the signing of the order.

G.S. 1-581 reads: "When notice of a motion is necessary, it must be served ten days before the time appointed for the hearing; but the court or judge may, by an order made without notice, prescribe a shorter time."

The written motion for a modification of Judge Sharp's order is in the record, had been served on Steve and Beulah Woodell on 12 April 1960, and presumably was before Judge Hooks. It appeared from the face of this motion that changed circumstances since Judge Sharp's order called for a different arrangement of custody to protect and promote the welfare of Donna Faye Woodell. Contrary to appellants' argument that the recital of facts in Judge Hooks' order of 7 June 1960 has no evidence to support it, there was evidence in the written motion to support the recital in his order of June 1960 that it would be to the best interests of the child for the motion to be heard at the earliest possible date, and that appellants had had sufficient notice of the motion.

In the hearing before Judge Hooks on 9 June 1960 appellants were represented by counsel and offered evidence. This Court said in *Collins v. Highway Com.*, 237 N.C. 277, 74 S.E. 2d 709: "A party who is entitled to notice of a motion may waive notice. A party ordinarily does this by attending the hearing of the motion and participat-

ing in it." Appellants did not request Judge Hooks to continue the hearing on 9 June 1960 to a later date. There is nothing in the record to indicate that at the hearing on 9 June 1960 appellants had any evidence, or desired to present any evidence, other than what they presented, or that they lacked sufficient time to prepare for hearing the motion, which motion had been served on them on 12 April 1960, or that they were prejudiced in any way by having the hearing on 9 June 1960. Appellants' three assignments of error in respect to Judge Hooks' order of 7 June 1960, and as to having the hearing of petitioner's motion on 9 June 1960 are overruled.

Appellants in their brief have not discussed, or even referred to, their assignment of error to the order of Judge Hooks of 9 June 1960 awarding the custody of Donna Faye Woodell to her mother. Judge Hooks' findings of fact in the order stand unchallenged. His findings of fact show changed circumstances calling for a different arrangement to protect and promote the welfare of Donna Faye Woodell. His findings of fact, which are supported by evidence in the record, support his conclusions and order awarding the custody of this child to her mother. This Court said in *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759: "Where one parent is dead, the surviving parent has a natural and legal right to the custody and control of their minor children. This right is not absolute, and it may be interfered with or denied but only for the most substantial and sufficient reasons, and is subject to judicial control only when the interests and welfare of the children clearly require it." No error of law appears on the face of the record.

The order of Judge Hooks signed on 7 June 1960, and his order signed on 9 June 1960 are

Affirmed.