FLOYE WHICHARD STATON v. ALBERT BLANTON, III.

(Filed 1 May 1963.)

1. Courts § 10—

   Where a term of Superior Court is held on the date prescribed by statute, the fact that the clerk incorrectly designates it as the fourth

rather than third Monday after the first Monday of the month is im-
material.

**2. Evidence § 1;　Judges § 2—**

The Supreme Court will take judicial notice of the Minute Book show-
ing the assignment of judges by the Chief Justice, and will take notice
that the Superior Court judge holding the particular term of court in
question had been assigned to hold said term. Constitution of North
Carolina Art. IV, § 11; G.S. 7-46; G.S. 7-71; G.S. 7-29.1(3).

APPEAL by plaintiff from *Burgwyn, E. J.,* October 22, 1962 Civil
Term of PITT.

Plaintiff brought this action to recover damages for personal in-
juries resulting from a collision of automobiles, one driven by her, the
other, by defendant. She alleged the collision was caused by defend-
ant's negligence. Defendant denied plaintiff's allegations and as-
serted plaintiff's negligence as a contributing cause of the collision.
The usual issues of negligence, contributory negligence and damages
were submitted to a jury. It answered the first issue in the negative.
Judgment was entered on the verdict. Plaintiff excepted and appealed.

*Charles L. Abernethy, Jr., for movant.*

*White & Aycock and Roberts & Stocks by Charles B. Aycock for
defendant appellee.*

PER CURIAM.　The only exception in the record is to the signing of
the judgment. This exception raises a single question: Does error ap-
pear on the face of the record? *Lowie & Co. v. Atkins,* 245 N.C. 98, 95
S.E. 2d 271.

On appeal the record should show that the judgment was entered in
a court with jurisdiction to hear and decide and at a time authorized
by law. *Vail v. Stone,* 222 N.C. 431, 23 S.E. 2d 329.

Plaintiff moves here for an order declaring the trial a nullity. She
bases her motion on the minutes of the Superior Court which, as she
asserts, show a trial at an improper time and fail to show authority of
the judge to preside. The minutes, as copied in the transcript, read:
"Be it remembered that at a Regular One Week Civil term of the
Superior Court, begun and held for the County of Pitt, at the Court-
house in Greenville, North Carolina, on the Fourth Monday after the
First Monday in October it being October 22, 1962, his Honor W. H. S.
Burgwyn, Judge riding the Third Judicial District for the October
1962 Civil Term, present and presiding."

One of the statutory terms of the Superior Court of Pitt County is
"the seventh Monday after the first Monday in September to con-

tinue for one week for the trial of civil cases only." G.S. 7-70. The seventh Monday after the first Monday in September 1962 was 22 October. The fact that the clerk incorrectly stated this date to be the fourth Monday after the first Monday in October does not invalidate judgments rendered at a term held at the time fixed by statute.

The Chief Justice of this Court is authorized to assign judges to hold terms of the Superior Court. N. C. Constitution, Art. IV, sec. 11; G.S. 7-46 and 7-71.

The Minute Book of the "Office of the Chief Justice of the Supreme Court," of which we take judicial notice, discloses that *Emery B. Denny*, as Chief Justice, on the 19th day of October 1962 made an order assigning "W. H. S. BURGWYN, E. J. to PITT COUNTY, 22 October 1962, to hold a one week term of Superior Court for the trial of civil cases, in lieu of Mintz, J." He authorized his administrative assistant to execute a commission to Judge Burgwyn to hold said court. G.S. 7-29.1(3). The commission was issued.

It affirmatively appears from facts of which we take judicial notice that the court convening on 22 October 1962 was held at a time and presided over by a judge duly authorized by law to act. The judgment is

Affirmed.