XOLA M. STORY Plaintiff (Appellee) v. JOHN PRESTON STORY Defendant (Appellant)

No. 722DC611

(Filed 5 November 1975)

1. **Rules of Civil Procedure § 6— failure to receive five days notice of motion — absence of prejudice**

    Defendant was not prejudiced by the fact that he received less than five days notice, excluding Saturday and Sunday, of a motion to dismiss his appeal where he attended the hearing on the motion and participated in it. G.S. 1A-1, Rule 6(a).

2. **Judgments § 2; Appeal and Error § 36— announcement of judgment — signing of judgment — entry of judgment — time for serving record on appeal**

    Judgment was entered when the court announced the judgment in open court on 20 February and the clerk made a notation of the judgment in the minutes, not when the court thereafter signed the written judgment on 6 March, and where defendant gave notice of appeal in open court on 20 February, the time within which defendant was to serve his case on appeal commenced to run on that date and not on the date the judgment was signed.

3. **Evidence § 1— court minutes — judicial notice**

    A court can take judicial notice of its own minutes.

APPEAL by defendant from *Olive, Judge*. Order entered 22 April 1975 in District Court, DAVIDSON County. Heard in the Court of Appeals 15 October 1975.

This is an appeal by defendant, John Preston Story, from an order dismissing his appeal from an order awarding plaintiff, Xola M. Story, alimony pendente lite and counsel fees.

The record reveals the following: On 19 and 20 February 1975, a hearing was held before Judge Olive on plaintiff's motion for alimony pendente lite, custody of child and counsel fees. The court minutes for 20 February 1975 are as follows:

"75 CVD 73—Xola M. Story vs: John Preston Story—

Witnesses were sworn, cross-examined and testimony continued through the day. Detailed Judgment to be drawn. Alimony pendente lite and possession of the house on Kindley Street awarded to the plaintiff. Custody of minor child was awarded to the defendant with visitation privileges granted to the plaintiff.

Defendant gave Notice of Appeal in open court to the North Carolina Court of Appeals regarding alimony pendente lite and support. 50 days was given the defendant to prepare the appeal; 20 days was given the plaintiff to serve countercase or objections thereto; bond was set at $200.00. (Attorney fees for the plaintiff to be paid by the defendant was set at $450.00.)"

On 6 March 1975 Judge Olive actually signed the detailed judgment referred to in the minutes. On 15 April 1975 the defendant caused to be served on the plaintiff a motion to extend the time "to serve case on appeal on appellee and to docket record on appeal in North Carolina Court of Appeals." On 16 April 1975 the plaintiff filed a motion to dismiss defendant's appeal, alleging that the time to serve the case on appeal had expired 11 April 1975.

After a hearing on both motions on 22 April 1975, Judge Olive entered an order dismissing defendant's appeal after making the following pertinent findings and conclusions:

"[A]nd it appearing to the Court and the Court finding as a fact that this cause was heard on February 19 and 20, 1975, before the undersigned, on the plaintiff's motion for custody, temporary alimony, child support and counsel fees; that the undersigned announced in open court on February 20, 1975 that the plaintiff was awarded temporary alimony, that possession of the house located at 318 Kindley Street was to be awarded to the plaintiff, that defendant was to make the mortgage payments on the Kindley Street property, that the defendant was to pay $400 as a lump sum payment to the plaintiff, that the defendant was to pay the sum of $45 per week to the plaintiff, that the plaintiff was to have the stored furniture she could use and any extra refrigerator that the parties own, that the defendant was to keep the hospital insurance which covers the plaintiff in effect, that custody of the child was to be awarded to the defendant with certain specified visitation privileges for the plaintiff which were announced in open court, that defendant would pay child support during those periods when the child is with the plaintiff in specified amounts which were also announced in open court, that the defendant was to pay $450 as counsel fees for the plaintiff's attorney; that the defendant gave notice of appeal in open court on February 20, 1975 after

the court had rendered its judgment as set out above; that the court announced in open court on February 20, 1975 that the defendant was to have 50 days to serve the statement of case on appeal and the plaintiff was to have 20 days to serve the countercase and the appeal bond was set at $200; that the Clerk entered the court's judgment in the minutes and also entered the defendant's notice of appeal in the minutes; that the plaintiff's attorney was to prepare the written judgment including the provisions of the order announced in open court together with the findings of fact and conclusions of law; that the Court further finds that the time to serve the case on appeal has expired since the 50 day period in which the defendant appellant was allowed to serve the statement of case on appeal began to run on February 20, 1975; that based upon the foregoing findings of fact the Court is of the opinion that the plaintiff's motion to dismiss the appeal should be granted and the defendant's motion for extension of time to serve case on appeal on appellee and to docket record on appeal in North Carolina Court of Appeals should be denied.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff's motion to dismiss the defendant appellant's appeal is granted and the defendant's appeal is hereby dismissed and that the defendant appellant's motion for extension of time to serve case on appeal on appellee and to docket record on appeal in North Carolina Court of Appeals is hereby denied."

Defendant appealed.

*Walser, Brinkley, Walser & McGirt by G. Thompson Miller for plaintiff appellee.*

*Ned A. Beeker for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first contends that the trial court was without authority to dismiss the appeal in that defendant did not receive the five-day statutory notice provided for in Rule 6(a) for hearings on motions. The record shows that defendant received notice on 16 April 1975 and attended the hearing on 22 April 1975. As provided by Rule 6(a) in not counting Saturdays and Sundays, it is true that defendant had less than five

days notice; but defendant has brought forth no argument that he was in any way prejudiced by lack of proper notice. *Brandon v. Brandon,* 10 N.C. App. 457, 179 S.E. 2d 177 (1971). And, it is well settled that "[a] party who is entitled to notice of a motion may waive notice. A party ordinarily does this by attending the hearing of the motion and participating in it." *Collins v. Highway Comm.,* 237 N.C. 277, 283, 74 S.E. 2d 709, 714-15 (1953). *Accord, In re Woodell,* 253 N.C. 420, 117 S.E. 2d 4 (1960); *Brandon v. Brandon, supra.* This assignment of error is without merit.

Defendant contends the trial judge erred in holding that the fifty-day period of time within which "the case on appeal" was to be served on plaintiff commenced to run on 20 February 1975 instead of 6 March 1975, the date Judge Olive actually signed the judgment theretofore rendered on 20 February in open court.

G.S. 1-287.1 in pertinent part provides:

"When it appears to the court that statement of case on appeal to the Appellate Division has not been served on the appellee or his counsel within the time allowed, it shall be the duty of the judge, upon motion by the appellee, to enter an order dismissing such appeal . . . . "

G.S. 1-282 in pertinent part provides:

"A copy of . . . [the case on appeal] shall be served on the respondent within fifteen days from the entry of the appeal taken . . . . If it appears that the case on appeal cannot be served within the time prescribed above, the trial judge may, for good cause and after reasonable notice to the opposing party or counsel, enter an order or successive orders extending the time for service of the case on appeal . . . . The initial order of extension must be entered prior to expiration of the statutory time for service of the case on appeal, and any subsequent order of extension must be entered prior to the expiration of the time allowed by the preceding order . . . . "

G.S. 1A-1, Rule 58, in pertinent part provides:

"In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall

Story v. Story

approve the form of the judgment and direct its preparation and filing."

[2]   Since the time for the service of the case on appeal commences to run from the time of "the entry of the appeal taken," G.S. 1-282, and there can be no appeal until there has been an entry of judgment, we must first determine in this case whether judgment was entered on 20 February or 6 March 1975. We think the record before us clearly shows judgment was entered in open court on 20 February 1975.

[3]   The only finding of fact excepted to by defendant in the order dismissing the appeal is "that the Clerk entered the court's judgment in the minutes and also entered the defendant's notice of appeal in the minutes." Defendant does not contend that the clerk did not "make a notation in his minutes" of the entry of judgment as provided by Rule 58. He merely argues that Judge Olive had no authority to consider the court minutes since they were not introduced into evidence at the hearing on the motion. We think it clear that any court can take judicial notice of its own minutes. *Staton v. Blanton,* 259 N.C. 383, 130 S.E. 2d 686 (1963) ; 1 Stansbury, N. C. Evidence (Brandis Rev.), § 13; 29 Am. Jur. 2d, Evidence, § 57. The minutes, as well as the detailed judgment signed on 6 March 1975 and the unchallenged findings of fact set out in the order dismissing the appeal, clearly show that judgment was entered on 20 February 1975, and that defendant made his "entry of appeal" on 20 February 1975, and that the court pursuant to the authority granted by G.S. 1-282 extended the time for the service of "the case on appeal" for 50 days from 20 February 1975. Thus, the record clearly demonstrates that the time within which to serve the case on appeal had expired before defendant made his motion for an extension of time, and the trial court would have been without authority to allow defendant's motion for an extension of time. G.S. 1-282.

Furthermore, since the 50 days defendant was allowed to serve the case on appeal by the order of 20 February 1975 had expired when plaintiff made her motion to dismiss, it was the judge's duty to dismiss the appeal. G.S. 1-287.1.

The order appealed from is

Affirmed.

Chief Judge BROCK and Judge CLARK concur.