MALLIE HINTON PRICE, JR. v. RACHEL B. PRICE

No. 7810DC799

(Filed 19 June 1979)

**Divorce and Alimony § 25.1— child custody—mental illness of mother—improper ground for awarding custody to father**

In a controversy between husband and wife for the custody of minor children of the marriage, it is error for the trial court to award custody to the husband as a matter of law on the sole ground that the wife has prior to that time been adjudged mentally incompetent; rather, G.S. 50-13.2(a) requires a full factual determination of all the circumstances in the case before a proper order for custody may be entered by the court.

APPEAL by defendant from *Parker, Judge*. Judgment entered in District Court, WAKE County. Heard in the Court of Appeals 25 May 1979.

Plaintiff husband filed a complaint against defendant wife and alleged that he and defendant have three minor children of their marriage; that he was separating from defendant because of his desire to provide suitable care and environment for the children consistent with their best interests and welfare; and that the court should award custody of the children to him as he is a fit and proper person to have custody.

In her answer and counterclaim, by and through her guardian, defendant's counsel admitted the marriage and the minority of the children. She alleged no present controversy and counterclaimed in the alternative for joint custody of the children, legal custody or actual custody, and in addition, child support and attorney's fees.

The trial court entered a temporary custody order awarding custody to plaintiff. Defendant appealed.

*Carter G. Mackie, for plaintiff appellee.*

*Paul Stam, Jr., for defendant appellant.*

ERWIN, Judge.

The temporary custody order entered by the trial court reads in part as follows:

"THIS CAUSE coming on to be heard and being heard before the undersigned Judge presiding in Wake County District Court upon plaintiff's motion for custody . . . the Court having examined the pleadings in this case, certain medical reports from physicians at Dorothea Dix Hospital, and Judgment entered in case entitled '*In the Matter of: Rachel B. Price, Respondent*' (76SPD1261); the Court makes the following:

\* \* \*

3. That the defendant has been judicially declared as being 'Incompetent from want of understanding to manage her affairs by reason of mental and physical weakness on account of disease' according to Judgment entered in 76SPD1261 on January 12, 1977, a copy of which is attached hereto as Exhibit A and hereby incorporated by reference.

4. That it would be in the best interests of the minor children for them to be in the custody of the plaintiff, their father.

5. That it would be in the minor children's best interests for a Temporary Custody Order to be entered at this time.

\* \* \*

CONCLUSIONS OF LAW

1. That, as a matter of law, the defendant herein has been judicially declared to be incompetent according to Exhibit A attached hereto.

\* \* \*

ORDERED

1. That the plaintiff be and he is hereby awarded temporary custody of the three (3) minor children of the parties . . ."

Defendant presents one question on appeal: In a controversy between husband and wife for the custody of minor children of the marriage, is it error for the trial court to award custody to the husband, as a matter of law, on the sole ground that the wife has heretofore been adjudged incompetent from want of under-

standing to manage her affairs by reason of a physical and mental impairment on account of disease? We answer, "Yes, it is error," and reverse the trial court.

We note that plaintiff does not allege that any emergency exists that would require the court to act with great speed nor does he allege that defendant is not a fit and proper person to have custody of the children of the marriage. The judge's order provided that "the General Guardian of the defendant is hereby ordered to obtain a current medical and psychiatric evaluation of the defendant by qualified medical personnel." The medical and psychiatric evaluation requested should have been considered by the court before the temporary order was issued. We note further that the judgment relied upon by the court, "*In the Matter of: Rachel B. Price, Respondent,*" was entered on 19 January 1977, and the present action was filed on 1 March 1978, and temporary order entered 7 April 1978.

To us, mental illness of a parent in itself does not necessarily mean incompetence to rear children. *See In re Woodell*, 253 N.C. 420, 117 S.E. 2d 4 (1960), and *Spitzer v. Lewark*, 259 N.C. 50, 129 S.E. 2d 620 (1963).

G.S. 50-13.2(a) requires a full, factual determination of all the circumstances in the case before a proper order for custody may be entered by the court. A prior court order which judicially declares a parent to be incompetent is not sufficient in and of itself to establish a parent's present unfitness to have custody of a child or children.

At the rehearing of the case, each party will be allowed to present all available evidence as each elects. The court, from a full and ample hearing, must find facts from the evidence, enter conclusions of law relating thereto, and enter a proper order awarding custody. Justice and fair play require that both the plaintiff and defendant start on the same footing without the benefit of a temporary order under the circumstances of the issuance of the order before us.

The temporary order is vacated, and the case is remanded for a hearing in keeping with this opinion.

Reversed and remanded.

Judges MARTIN (Robert M.) and ARNOLD concur.