McNAIR CONSTRUCTION COMPANY, INC. v. FOGLE BROTHERS COMPANY
v. KING SASH AND DOOR, INC. AND LIFETIME DOORS, INC.

No. 8221DC590

(Filed 4 October 1983)

1. Sales § 17.1— breach of warranty of doors—no exclusion of warranty by
method of installation

   In an action to recover for breach of express warranty of doors sold to
plaintiff by defendant which was contingent upon proper installation of the
doors, the warranty was not excluded for warped doors because the doors
were over seven feet long and were hung with only three hinges where the
evidence showed that the warpage was on the outside edge of the doors rather
than down the hinge line and that the defect in the doors was not caused by
the number of hinges used by plaintiff.

2. Sales § 19— breach of warranty of doors—sufficient allegation of damages

   In an action to recover for breach of express warranty of doors sold by
defendant to plaintiff, plaintiff alleged its damages with sufficient certainty to
support summary judgment with regard to damages where plaintiff alleged
that "upon information and belief the present cost of replacing the doors would
be in the neighborhood of $150.00 for each door, plus an installation cost of ap-
proximately $100.00 for each door, or approximately $250.00 per door."

3. Appearance § 2— general appearance—waiver of objection to lack of service of
process

   The trial court did not err in entering summary judgment on a cross-claim
against a third-party defendant who had never been served with the cross-
claim where the third-party defendant against whom summary judgment was
entered waived its defense of lack of personal jurisdiction by appearing in the
action without objecting to the lack of service of process after it had been in-
formed of the cross-claim. G.S. 1-75.7.

4. Rules of Civil Procedure § 56.1— hearing on motion for summary judg-
ment—waiver of notice

   A third-party defendant waived its right to ten days notice of the hearing
on a motion for summary judgment on a cross-claim against it by participating
in the hearing and failing to request a continuance with respect to the cross-
claim.

APPEAL by defendant and third-party plaintiff Fogle
Brothers Company, and third-party defendants King Sash and
Door, Inc., and Lifetime Doors, Inc. from *Alexander, Judge.*
Orders entered 11 January and 18 January 1982 in District Court,
FORSYTH County. Heard in the Court of Appeals 20 April 1983.

In this civil action plaintiff seeks to recover damages from
the defendant Fogle Brothers Company (Fogle) for breach of war-

McNair Construction Co. v. Fogle Bros. Co.

ranty arising out of the sale of 15 allegedly defective doors. Fogle denied plaintiff's allegations and filed a third-party complaint against King Sash and Door, Inc. (King), who ordered the doors for Fogle, and Lifetime Doors, Inc. (Lifetime), who manufactured the doors. Third-party defendant King denied the doors were defective, and alleged by way of cross-claim that any defects in the doors were due to actions of the manufacturer, Lifetime. Third-party defendant Lifetime denied the doors were defective, but admitted it had manufactured the doors and shipped them to Fogle. All of the defendants raised as an additional defense that plaintiff had not properly installed the doors and was therefore responsible for its own injuries.

In May 1980, Lifetime filed a motion to dismiss and a motion for summary judgment against Fogle and King. In November 1980, Fogle moved for summary judgment against plaintiff who then filed a motion for summary judgment against Fogle. A hearing was held on the motions made by Lifetime and plaintiff on 15 December 1981. Just prior to the hearing, Fogle filed a motion for summary judgment against King and Lifetime.

At the hearing, Lifetime argued that the complaint filed against it by Fogle should be dismissed because no privity of contract existed between it and Fogle. King noted that it was in privity of contract with Lifetime and informed the court of its cross-claim. At this point, Lifetime asked to see the cross-claim. After reviewing it, counsel for Lifetime informed the court that the certificate of service indicated that Lifetime had not been served with the cross-claim, and that he personally had no prior notice of such claim.

Judge Alexander took the case under advisement. On 11 January 1982, the court entered an order granting summary judgment in favor of plaintiff and against Fogle and awarding damages in the amount of $3,750.00. On 18 January 1982, the court entered a further order denying Lifetime's motions to dismiss and for summary judgment, and granting summary judgment in favor of Fogle against King in the amount of $3,750.00, and granting summary judgment in favor of King against Lifetime in the same amount. Fogle, King and Lifetime all appealed.

*Hutchins, Tyndall, Doughton & Moore, by George E. Doughton, Jr. and H. Lee Davis, Jr., for defendant and third-party plaintiff appellant Fogle Brothers Company.*

*Harper, Wood and Brown, by William Z. Wood, Jr., for third-party defendant appellant King Sash and Door, Inc.*

*Graham, Cooke, Miles & Bogan, by Donald T. Bogan, for third-party defendant appellant Lifetime Doors, Inc.*

*Ruff, Bond, Cobb, Wade & McNair, by William H. McNair and Moses Luski, for plaintiff appellee.*

JOHNSON, Judge.

[1] The first issue presented in this appeal is whether the trial court erred in granting summary judgment for plaintiff. The evidence presented tends to show the following: in July 1976, plaintiff purchased 24 solid core birch doors of approximately 3 feet by 8 feet from defendant for installation in a building being constructed by plaintiff. In December 1976, after the doors had been hanging in place for about five months, plaintiff notified Fogle that 15 of the doors were defective in that they were warped. A salesman for Fogle, Robert Ogburn, inspected the doors and agreed they were defective in that each door was warped along its outside edge where its latch is located. Mr. Ogburn noted that the doors were straight on the sides connected to the door hinges. Fogle told plaintiff to let the doors hang for a year to see if they would straighten themselves out. Plaintiff asked Fogle to take steps to replace the defective doors but Fogle refused.

Plaintiff contends Fogle made an express oral warranty with respect to the doors and that Fogle breached that warranty by providing plaintiff with defective doors. Fogle does not dispute the fact that its customary policy in selling building materials is to warrant them for one year from the date of manufacture, but notes that replacement under its warranty is contingent upon proper installment of the goods. Fogle claims plaintiff improperly installed the doors by hanging them with only three hinges each when the doors were over seven feet long.

In his deposition, Mr. Ogburn stated that Fogle basically follows the warranties of its suppliers. The supplier in this case is

Lifetime who has a warranty set out in its "Limited Guarantee" which in essence says that all standard doors manufactured by it, except those expressly excluded, are guaranteed for one year from the date of manufacture. This guarantee expressly excludes doors over seven feet long which are hung with less than four hinges. Defendant contends its warranty follows Lifetime's warranty and therefore contains the exclusion noted above. It claims that since the doors bought by plaintiff are approximately eight feet long and are hung with three hinges each, they are excluded from its warranty.

Fogle also noted that the National Woodwork Manufacturers Association's "Standard Door Guarantee" excludes from warranty coverage any interior door seven feet, six inches or higher which is hung with less than four hinges. Fogle maintains that this latter guarantee establishes that there is an industry wide practice which requires that all eight feet solid core doors be hung with four hinges. Thus, Fogle claims plaintiff is not entitled to replacements for the defective doors because it failed to comply with Fogle's warranty and with the industry standard. We disagree.

It is clear Fogle had an express one year replacement warranty which was part of the basis of the bargain under which plaintiff purchased the doors. See G.S. 25-2-313(1)(a). Plaintiff's claim against Fogle is based on the separate express warranty given by Fogle, and not on the warranty given by Lifetime to Fogle. The warranty given by Fogle does not contain a per se exclusion for doors over seven feet long hung with less than four hinges. In fact, the evidence indicates that Fogle was not even aware of Lifetime's warranty or its exclusion until May 1977. Therefore, Fogle may not now argue that it intended to include an exclusion in its warranty which it was not even aware of at the time.

That Fogle's warranty does not precisely parallel Lifetime's warranty and does not contain the same exclusion discussed previously is demonstrated by the following deposition testimony of George Brannock, Chief Executive Officer of Fogle:

Q. Well, let me get back to the one question I was trying to get you to answer with respect to your replacement policy.

If, through some inadvertence, you shipped a door in the middle of a pack that had a hole in the middle of it that was six inches in diameter, all the way through the door—

(Brannock) A. —We would have replaced it.

Q. You would have replaced it irrespective of whether it had two hinges or three hinges or eight hinges, wouldn't you?

A. Yes, but let me go a little bit further. That would have been impossible for that hole to have been in that door, because we inspect those doors.

Q. I understand that, but the point I'm making is, that if the improper hanging or the improper installation, if that has nothing to do with the defect which you complain about you'd replace it anyway, wouldn't you?

A. Yes, sir.

It appears plaintiff is only excluded from replacement under Fogle's warranty if the defects in the doors were caused by improper installation. More specifically, plaintiff's right to recovery depends upon whether the fact the doors were hung by only three hinges each caused the doors to warp. In our opinion, defendant has totally failed to produce any evidence which indicates that the number of hinges used had anything to do with the warping of the doors. Our conclusion is based on the testimony of Fogle's own officer, George Brannock, who answered as follows:

Q. Okay. Now, with respect to doors and the warping, if the door warped on the outside, away from the hinges as opposed to down the hinge line itself, do you think that an additional hinge would have anything to do with that?

\*    \*    \*

WITNESS: I think that—no, I don't think an additional hinge would have kept it from warping on the opposite end for the hinges.

Q. (Mr. McNair) And if it is true, as was testified to by Mr. Ogburn, that those doors were warped on the outside edges of the door, then it would be your judgment also that that additional hinge wouldn't have had anything to do with these bad doors?

\* \* \*

WITNESS: If that's where the warpage is, that is correct.

As stated previously, Fogle's own salesman said the warpage was on the outside edges of the doors, as opposed to down the hinge line. It appears that Fogle has shown by the deposition testimony of its two representatives that the defect in the doors was not caused by the number of hinges used by plaintiff. Defendant has failed to show that a material issue of fact exists with respect to the breach of warranty claimed by plaintiff. Accordingly, we hold the court did not err in granting summary judgment for plaintiff.

From our holding it follows that the granting of summary judgment for Fogle and against King Sash and Door, Inc. was also appropriate. King supplied Fogle with the defective doors; therefore, Fogle is entitled to recover its loss from King. As stated by the Supreme Court in *Wilson v. Chemical Co.*, 281 N.C. 506, 189 S.E. 2d 221 (1972):

> Where the retailer purchases personal property from the manufacturer or wholesaler for resale with implied or express warranty of fitness and the retailer resells to the consumer with the same warranty and the retailer has been compelled to pay for breach of warranty, he may recover his entire loss from the manufacturer.

*Id.* at 512, 189 S.E. 2d at 225.

[2] The second issue raised on appeal is whether the evidence is sufficient to support an award of summary judgment with regard to damages. In its complaint, plaintiff alleged that "upon information and belief the present cost of replacing the doors would be in the neighborhood of $150.00 for each door, plus an installation cost of approximately $100.00 for each door, or approximately $250.00 per door." When this figure is multiplied by the number of defective doors (15), the total is $3,750.00, which is the amount of damages awarded by the court.

Third-party defendants King and Lifetime argue that this pleading, which is the only evidence of damages presented, is stated too vaguely to support summary judgment. Neither party has produced any evidence which would indicate that the damages would be any amount other than that alleged by plaintiff, or

requested additional time to produce such evidence. Lifetime argues that plaintiff's evidence refers only to a policy by Fogle to *replace* defective goods, not *replace* and *reinstall* them; yet it does not offer any evidence in support of its interpretation of the warranty. Interestingly, Fogle has not argued this issue on appeal. Since no evidence has been presented in opposition to plaintiff's allegations, it cannot be said there is a material issue as to damages. The plaintiff is not required to prove his damages with absolute certainty but is required to introduce evidence showing his damages with sufficient specificity and completeness to permit the jury to arrive at a reasonable conclusion. *Service Co. v. Sales Co.*, 259 N.C. 400, 131 S.E. 2d 9 (1963). We hold plaintiff alleged his damages with sufficient certainty to support summary judgment.

[3] The final issue presented by this appeal is whether the court erred in awarding summary judgment for King and against Lifetime when King failed to serve its cross-claim on Lifetime, and when King never made a motion for summary judgment. Lifetime first contends King's cross-claim against it should be dismissed for lack of personal jurisdiction, insufficiency of service of process, and as a violation of Lifetime's due process rights because it was never served with the cross-claim.

In order for a court to exercise personal jurisdiction over a defendant, the defendant must be given notice of service of process. But personal jurisdiction may also be invoked where a defendant waives the defense by appearing in the action without objecting to the insufficiency of process or service of process. *See* G.S. 1-75.7. Such appearance, called a "general appearance," is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person. *Swenson v. Thibaut*, 39 N.C. App. 77, 250 S.E. 2d 279 (1978), *appeal dismissed*, 296 N.C. 740, 254 S.E. 2d 183 (1979).

Lifetime appeared at the 15 December 1981 hearing to argue its motion to dismiss and its motion for summary judgment against Fogle and King. During the hearing it was informed of the cross-claim but did not enter a formal objection to the lack of service of process. We hold that Lifetime, by its actions, waived its defense of lack of personal jurisdiction.

[4]   Lifetime next contends the award of summary judgment was improper because it was not afforded ten days notice of the hearing as required by statute and due process of law. It is well settled that a party who is entitled to notice of a motion may waive notice. A party ordinarily does this by attending the hearing of the motion and participating in it. *Story v. Story,* 27 N.C. App. 349, 219 S.E. 2d 245 (1975). Here, Lifetime waived its right to notice by attending and participating in the hearing and by failing to request a continuance with respect to the cross-claim. Furthermore, Lifetime was not prejudiced by the lack of notice as it was given ample opportunity at the hearing to present its claim that it was not liable to either Fogle or King. Furthermore, it makes no difference that King did not file a motion for summary judgment. G.S. 1A-1, Rule 56(c) does not require that a party move for summary judgment in order to be entitled to it. *Greenway v. Insurance Co.,* 35 N.C. App. 308, 241 S.E. 2d 339 (1978). We hold the court did not err in awarding summary judgment for King. The judgment of the court below is

Affirmed.

Judges HILL and PHILLIPS concur.