DESSIE CANIPE CHAMPION v. JACK DELANO CHAMPION

No. 8225DC1015

(Filed 18 October 1983)

1. **Divorce and Alimony § 24.5— support—change of circumstances increasing amount**

   The findings of fact amply supported a court's conclusion that a substantial change of circumstances had occurred meriting an increase in child support payments.

2. **Divorce and Alimony § 24.4— child support—garnishment of wages**

   Garnishment in child support cases is not punitive as its only function is to aid in the collection of debts and willfulness on the debtor's part is no prerequisite to it. G.S. 50-13.4(f). G.S. 110-136(b) which requires a copy of the petition to garnish to be served on the responsible parent's employer in advance of the hearing is for the benefit of the employer, and failure to give notice was not prejudicial to defendant.

APPEAL by defendant from *Crotty, Judge.* Judgment entered 1 July 1982 in District Court, BURKE County. Heard in the Court of Appeals 25 August 1983.

In this divorce and custody action, the decree was entered in September, 1977. By order entered in January, 1978, custody of their three children, then 10, 8 and 7 years old, was given to plaintiff and defendant was ordered to pay $150 per month for their support. In March, 1982, by a motion in the cause, plaintiff alleged that defendant had been repeatedly tardy in making the payments ordered, was then in arrears, the monthly payments

should be increased because the cost of supporting the children had substantially increased during the four years since the initial order was entered, and the monies due her thereafter from the defendant should be garnisheed from the retirement benefits he receives each month from the United States Navy. After hearing the testimony of the parties and making various findings and conclusions, the court entered judgment increasing defendant's monthly payments to $200, requiring the Navy to deduct $200 from defendant's benefits each month and forward it to plaintiff, giving plaintiff "exclusive custody" of the three children, and requiring defendant to pay plaintiff's attorney $300.

*Byrd, Byrd, Ervin, Blanton, Whisnant & McMahon, by C. Scott Whisnant, for plaintiff appellee.*

*John H. McMurray and Martha McMurray for defendant appellant.*

PHILLIPS, Judge.

Since the defendant did not except to any of the court's findings of fact, but only to certain of the court's conclusions of law and orders, the scope of this appeal is quite narrow; and it is rendered more narrow still by the fact that the evidence presented during the hearing on plaintiff's motion was not brought forward in the record. Thus, the correctness of the findings and whether they are supported by evidence have been eliminated from our consideration. The findings, carefully and conscientiously made, apparently, amply support the court's conclusions of law and resultant judgment, the provisions of which contain no legal error. Therefore the judgment appealed from is affirmed.

[1] Though the defendant contends that the court erred in concluding that a substantial change of circumstances had occurred meriting an increase in the support payments required of him, the court's findings show otherwise. In meticulous detail, the court found that a number of the costs of supporting the children had increased during the intervening four years; not only because of inflation, about which everyone knows, but also because the needs of the three children understandably increased with the passing years as they changed from little girls into young ladies. Furthermore, the monthly support payments for the children have not really increased yet and won't for some time, since under the

terms of the judgment $50 out of each $200 payment must be applied to defendant's arrearage and his debt to plaintiff's attorney until those obligations, totalling $1,050, are paid.

Defendant also contends that the trial court erred in awarding plaintiff the "exclusive" custody of the three children and in failing to provide for his visitation rights. If we interpreted the order as depriving the defendant of the visitation rights that he enjoyed under the previous order, we would agree, since no finding to support any change in that arrangement was made. But we do not so construe the order. In the previous order, though plaintiff was given custody of the children, defendant was accorded definite visitation rights and since visitation is not even mentioned in this judgment the continuance of those rights is presumed. Which no doubt is what the court intended, since the only reference to custody, or any aspect of it, in the findings was that "[p]laintiff is a fit and proper person to have *continued* exclusive care, custody and control of the three minor children. . . ." (Emphasis supplied.) In all events, our holding is that the defendant's visitation rights have not been changed or curtailed by any provision of the judgment appealed from.

[2]    Defendant's final assignment of error relates to the garnishment of $200 from the benefits he receives each month from the Navy. First, he contends that it was error to order garnishment in the absence of a finding that his failure to pay promptly each month as ordered was "wilful." But, unlike civil contempt, garnishment in child support cases is not punitive; its only function is to aid in the collection of debts and wilfulness on the debtor's part is no prerequisite to it. G.S. 50-13.4(f); G.S. 110-136. He also argues that it was error to garnish the Navy without having first served a copy of the petition for garnishment on the Navy as required by G.S. 110-136(b). Though that statute does require a copy of the petition to be served on the responsible parent's employer in advance of the hearing thereon, and plaintiff concedes that this was not-done, we are of the opinion this was not prejudicial to the *defendant*. The notice required is for the benefit of the employer, rather than the debtor, and can be waived by the party entitled to it. *Story v. Story*, 27 N.C. App. 349, 219 S.E. 2d 245 (1975). The Navy waived the notice it was entitled to by complying with the garnishment order. That it did so is not legally prejudicial to

the defendant, who, as a delinquent debtor, has been a fit subject for garnishment for several years.

Affirmed.

Judges HEDRICK and WELLS concur.