WESTOVER PRODUCTS, INC., PLAINTIFF v. GATEWAY ROOFING, INC., JAMES
A. MOSER AND CLAY A. MOSER, DEFENDANTS v. GATEWAY ROOFING
CO., INC., THIRD PARTY PLAINTIFF v. WESTOVER PRODUCTS, INC., THE
CARLISLE CORPORATION, KIDDE, INC. D/B/A WALTER KIDDE & COM-
PANY, J. M. THOMPSON COMPANY, THIRD PARTY DEFENDANTS

No. 8818SC882

(Filed 6 June 1989)

1. **Rules of Civil Procedure § 56.1 — summary judgment hearing —
   insufficient notice — notice requirement waived**

   Although one third party defendant failed to comply with
   the notice requirements of N.C.G.S. § 1A-1, Rule 56 prior to
   a hearing on its oral summary judgment motion, the third
   party defendant against whom summary judgment was entered
   waived the notice requirement where it participated in the
   hearing and did not object to the lack of notice or request
   additional time; and the hearing in which third party defendant
   made its oral motion was held to hear another third party
   defendant's argument for summary judgment so that argument
   could have been made against the oral motion.

2. **Rules of Civil Procedure § 56 — summary judgment — no sup-
   porting materials — no opportunity to be heard — summary judg-
   ment proper**

   There was no merit to one third party defendant's argu-
   ment that the trial court erred in granting a summary judg-
   ment motion because such defendant was given no opportunity
   to be heard on the merits of the motion and because no materials
   were submitted by the parties in support or opposition to
   the motion, since the trial court could have granted the third
   party defendant summary judgment based on materials
   presented by other third party defendants even without a
   motion therefor.

3. **Uniform Commercial Code § 12; Negligence § 30.1 — sale of
   roofing materials — no breach of implied warranties — no negli-
   gence — summary judgment proper**

   There was no merit to the third party defendant's argu-
   ment that there were genuine issues of material fact of another
   third party defendant's negligence and breach of implied war-
   ranties in the sale of roofing products where defendant sup-
   plied no installation expertise but only non-defective goods and

thus breached no implied warranty of merchantability; there was no evidence that one defendant relied on the supplier defendant's advice in its selection of the particular roofing system, and thus there was no implied warranty of particular purpose by the supplier; and defendant could not have been negligent in supplying the products since there was no evidence that the products were defective. N.C.G.S. §§ 25-2-314, 25-2-315.

APPEAL by third-party defendant from *Walker, Judge*. Judgment entered 30 March 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 15 March 1989.

On 30 September 1982 Kidde, Inc. (Kidde) contracted with J. M. Thompson Company (Thompson) for the construction of a building. On 3 November 1982 Thompson entered into a subcontract with Gateway Roofing Company, Inc. (Gateway) for the installation of a 45 millimeter mechanically fastened roof system according to the plans and specifications prepared by Grove Manufacturing Company (Grove) (Grove, a subsidiary of Kidde, provided architectural and engineering services for the construction of the building).

Gateway was an authorized applicator for Carlisle Corporation (Carlisle), a rubber and tire manufacturer which also manufactures roofing materials and supplies roofing designs. Westover Products, Inc. (Westover) is a distributor of Carlisle roofing materials, and supplied Gateway for the Kidde project.

The Carlisle roof system chosen for the Kidde building by Grove, with technical assistance from Carlisle, was a mechanically attached roofing system ("M.A.R.S."). This particular system is a rubber roofing membrane mechanically fastened to a building by a system of batten bars. The batten bars are narrow rubber strips laid on top of the membrane and secured by metal screws which puncture the membrane and are screwed into the steel roof deck below. The bottom of the batten bars are coated with sealant before being placed upon the membrane, and sealant is also applied over the top of each screw.

The contract between Carlisle and Gateway states that Carlisle will provide Gateway with instruction and training for proper installation of Carlisle systems to assure adequate quality and uniformity. The contract also states that at Carlisle's discretion, it will furnish Gateway technical assistance and advice for the pur-

WESTOVER PRODUCTS, INC. v. GATEWAY ROOFING, INC.

[94 N.C. App. 163 (1989)]

pose of evaluating watertight integrity of the installation of roofing systems. Such assistance was supplied on the Kidde project.

The M.A.R.S. roof installed on the Kidde building leaked immediately upon its completion. Numerous attempts were made by Gateway (with Carlisle's assistance) to remedy the leaks. The leaks have never been completely remedied and still persist.

Apparently Gateway never paid Westover for the Carlisle materials for the Kidde project. Westover filed suit in Guilford County Superior Court for the balance due on the materials. Gateway filed a Chapter 11 bankruptcy and the case was remanded to the United States Bankruptcy Court for the Middle District of North Carolina.

Gateway answered Westover's claim and filed a counterclaim as well as a third-party complaint against Westover, Carlisle, Kidde and Thompson. The third-party complaint alleges, *inter alia*, that the Carlisle roof was defective in design and installation procedures, that Westover and Carlisle were negligent, and that Thompson and Kidde were unlawfully withholding payments on the Kidde project.

Kidde filed an answer, counterclaim, and crossclaim. It alleged that the defective roof was caused by faulty design, manufacture and selection of the roof system, and that Carlisle was negligent and breached express and implied warranties.

Gateway's counterclaim and third-party complaint (and thus Kidde's counterclaim and crossclaim) were severed from the main action on the debt and remanded to the Guilford County Superior Court.

Carlisle filed a motion for summary judgment against Gateway, Westover, and Kidde. Kidde appeared at the hearing on Carlisle's motion to defend against summary judgment. Westover made an oral motion for summary judgment against Kidde at the hearing, and the trial court granted the motion. From that judgment Kidde appeals.

*Wishart, Norris, Henninger & Pittman, by David O. Lewis, for third party defendant appellant Kidde.*

*Shope and McNeil, by Richard I. Shope, for third party defendant appellee Westover.*

ARNOLD, Judge.

[1] Kidde first argues that the trial court committed reversible error in granting Westover's motion for summary judgment because it failed to comply with the notice requirements of N.C.G.S. § 1A-1, Rule 56 prior to any hearing on the motion.

Rule 56(c) provides that a motion for summary judgment shall be served at least ten (10) days prior to any hearing on the motion. N.C.G.S. § 1A-1, Rule 56(c). Notice may be waived, however, by participation in the hearing and by a failure to object to the lack of notice or failure to request additional time by the non-moving party. *Raintree Corp., Inc. v. Rowe*, 38 N.C. App. 664, 248 S.E. 2d 904 (1978); *Story v. Story*, 27 N.C. App. 349, 219 S.E. 2d 245 (1975).

Kidde neither objected to Westover's lack of notice, nor did it request additional time. Furthermore, the hearing in which Westover made its oral motion was held to hear Carlisle's argument for summary judgment.

Kidde could have argued against Westover's motion. This fact is illustrated by Kidde's brief on appeal in which it refers this Court to Kidde's brief in its appeal of summary judgment in favor of Carlisle. Kidde states that the record evidence in the other case clearly establishes that the roof system sold by Westover was defective. The evidence of record on appeal was made entirely of the evidence presented by Carlisle in support of summary judgment and by Kidde in opposition.

We conclude that although no notice under Rule 56(c) was given to Kidde, it waived the notice requirement. *See Raintree Corp., Inc.*, 38 N.C. App. 664, 248 S.E. 2d 904.

[2] Kidde next argues that the trial court committed reversible error in granting Westover's motion for summary judgment because Kidde was given no opportunity to be heard on the merits of the motion, and because no materials were submitted by the parties in support or opposition to the motion. Rule 56(c) states that judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that *any* party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (emphasis added). Summary judgment may be granted to any party whether they move for it or not. *See McNair Const. Co., Inc. v. Fogle Bros. Co.*, 64

N.C. App. 282, 307 S.E. 2d 200, (1983), *disc. rev. denied*, 312 N.C. 84, 321 S.E. 2d 897 (1984).

The trial court in the case *sub judice* could have granted Westover summary judgment based on the materials presented by Carlisle and Kidde even without Westover's motion. *See id.* We reject Kidde's argument, therefore, that the trial court committed error in granting Westover's oral motion.

[3] Kidde lastly argues that there were genuine issues of material fact of Westover's negligence and breach of implied warranties.

N.C.G.S. § 25-2-314 provides in part:

(1) Unless excluded or modified (G.S. 25-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . .

(2) Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

* * * *

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and . . . .

Westover was the wholesale supplier of the Carlisle materials used by Gateway on the Kidde project. From the evidence of record on appeal, Westover provided neither technical assistance nor installation training and instruction to Gateway. Likewise, no evidence on appeal shows that the Carlisle materials were in any way defective. It was the design and installation of the M.A.R.S. system that apparently caused the problems.

Westover only supplied the non-defective Carlisle goods and thus breached no implied warranty of merchantability. *See id.*

No evidence on appeal shows that Kidde relied in any way upon Westover's advice in Kidde's selection of the M.A.R.S. system. It was Carlisle whom Kidde relied upon, and thus there was no implied warranty of particular purpose by Westover. *See* N.C.G.S. § 25-2-315.

Since there is no evidence on appeal that the Carlisle products were defective, Westover could not have been negligent in supplying them. We therefore conclude that the trial court committed no error in granting summary judgment for Westover.

Affirmed.

Judges JOHNSON and PHILLIPS concur.