13973

WORKMAN v. WORKMAN *ET AL.*

(178 S. E., 121)

491

492

494

*Mr. W. M. Reynolds,* for appellant,

*Messrs. Lee & Moise,* for respondent,

January 10, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Sumter County by the plaintiff, Eliza Workman, against Rose Abbott Workman et al., was instituted for the purpose of obtaining the Court's approval of the conveyance of 50 acres of land, situated in the said County of Sumter, to the defendant, Mrs. O. G. Dorn, pursuant to a written agreement entered into between the plaintiff and the said Mrs. Dorn, September 4, 1933. From the agreed statement of the parties to the cause, it appears that the said Eliza Workman is in possession of and claims a life estate interest in the land involved under the last will and testament of the late Henry T. Abbott, it being stated in the case that "in and by the sixth paragraph of his last Will and Testament, the late Henry T. Abbott devised unto Eliza Barnett Anderson, now Eliza A. Workman, the plaintiff, a plantation in Sumter County, known as the 'Dick Place,' containing about five hundred and fifty acres of land, for and during her life and at her death to her children then living, the child of any deceased child taking the parent's share, if none be then living, then to those of my kindred who would be entitled to my property under the statutes of distribution of South Carolina, then of force." The said Eliza Workman is the mother of four children, who are made parties defendant in this cause, only one of whom is over the age of twenty-one years. As stated, on the 4th of September, 1933, the said Eliza Workman entered into an agreement with the defendant, Mrs. O. G. Dorn, whereby she agreed to convey unto Mrs. O. G. Dorn 50 acres of the aforementioned plantation

at and for the sum of $1,250.00. All persons *in esse* having an interest in the land to be conveyed to Mrs. Dorn were duly served with the summons and complaint in the action and are now properly before the Court. The four children of Eliza Workman referred to are "Rosa Abbott Workman, Frances Douglas Workman, Bonnie Anderson Workman, and Sara Ethel Workman. The defendant, Ethel A. McCollum is a niece of the testator. The defendant, William S. Hutson is a nephew of the testator. The defendants Frances Marion McCollum and Rowland A. McCollum, Jr., are the only children of Ethel A. McCollum. The defendants Krell Hutson and Theodosia Hutson are the only children of William S. Hutson." It further appears from the record before us that "the defendants, other than Mrs. O. G. Dorn constitute all persons now *in esse* who are kindred of the Testator, and are the only persons, who could at this time take under the Statutes of Distribution, if the plaintiff were now to die, leaving no issue surviving her." The infant and incompetent defendants are represented in the suit by a duly appointed guardian *ad litem,* who answered in their behalf, submitting their interest to the protection of the Court and alleging, further, that the guardian *ad litem* had investigated as to the truth of the complaint and finds that there is a real necessity to sell a part of the property. We may, further, state in this connection that, according to the record before us, the proceedings in the case are entirely regular.

The case was referred to the Master for Sumter County, who, in due season, filed a report therein, from which report the defendant, Mrs. O. G. Dorn, on exceptions filed, appealed and the case was heard before his Honor, Judge J. Henry Johnson, who upon due consideration of the case overruled the exceptions and confirmed the Master's report, and directed the sale of the said 50 acres of land to the said Mrs. O. G. Dorn, in accordance with the prayer of the petition in the complaint filed.

The case now comes before this Court on appeal from the said decretal order of Judge Johnson. Upon due consideration of the entire record before us in the cause, we are satisfied that Judge Johnson reached ·a proper conclusion in the case. It is, therefore, the judgment of this Court that the order and decree of Judge Johnson be affirmed and made the judgment of this Court.

NOTE: Let the decree of Judge Johnson be incorporated in the report of the case.

MESSRS. JUSTICES STABLER and BONHAM and MESSRS. ACTING ASSOCIATE JUSTICES G. DEWEY OXNER and.A. L. GASTON, concur.