PATRICIA LEE, CHARLES McCLENNY LEE AND LINDA MASON LEE, INFANTS BY THEIR NEXT FRIEND, T. J. COLLIER, v. H. IRWIN COFFIELD, JR., EXECUTOR AND TRUSTEE UNDER THE WILL OF THE ESTATE OF CHARLES CLIFTON LEE.

(Filed 27 February, 1957.)

**1. Parent and Child § 5: Executors and Administrators § 15g—**

The estate of a father is not liable to his minor children for sums paid out by their mother for their support and maintenance.

**2. Parent and Child § 5—**

The law in this State imposes a duty on both parents to provide, within their means, for the necessary support of their minor children, and while this is primarily the obligation of the father, upon his death the duty rests on the mother to provide for their support to the best of her ability.

**3. Same: Executors and Administrators § 15g—**

Under a deed of separation the father provided for monthly sums for the support of his minor children. After his death the mother expended sums in excess of the amount provided in the deed of separation for their support and maintenance. *Held:* Neither the minors nor their estates is liable to their mother for such sums, and the properties willed them by their father, to be distributed upon their twenty-fifth birthdays, may not be used to reimburse the mother for such sums.

APPEAL by plaintiffs from *Morris, J.,* 26 November, 1956 Term of PAMLICO.

Plaintiff Collier, on 14 January 1956, filed with the Clerk of the Superior Court of Pamlico County an application for the appointment of a next friend for Patricia, Charles, and Linda Lee. The application states that the parties named are infants, age not disclosed, without guardian, and that they are entitled to obtain reimbursement for necessary expenses incurred for them from defendant, executor and trustee under the will of Charles Clifton Lee, their father. Applicant was appointed next friend and authorized to bring suit.

The complaint alleges a separation agreement dated 8 August 1953 between Charles Clifton Lee and Grace M. Lee, father and mother of the infants. A copy of the agreement is annexed and made a part of the complaint.

The agreement provides in substance for the separation and a release by each of the parties thereto of all rights in the property or obligation to the other, specifically including any right which the wife might have to look to the husband for support and the payment by the husband to the wife of $12,400.

The agreement, as it relates to the three children of the marriage, provides that the mother shall have custody and control, with limited rights of visitation by the father, that the father shall pay to the mother

$200 per month for the support of the children until they finish high school or become nineteen years of age, and as each completes high school or reaches that age, the monthly payment is to be reduced one-third. The agreement further provides that if any child should become disabled, the age limit for support shall be increased by the length of time the child is disabled; and, if the cost-of-living index increases or decreases as much as ten per cent, there shall be a like increase or decrease in the monthly payments. The agreement obligates the father to provide $3,500 for each child for the college education of that child.

The complaint, after setting out the terms of the separation agreement, alleged that the father, on 30 September 1953, died testate, his will bearing date 8 August 1953; that defendant had qualified as executor and trustee under the will; that the children have received medical, dental, and other treatment, all of which was reasonably necessary but for which no specific provision was made in the separation agreement; that Mrs. Lee expended, between October 1953 and November 1955, $902.05 for the children in excess of the $200 monthly payments provided for in the agreement, which sum represented medical and similar services she had provided for the children; that the estate of Charles Lee is solvent; that the executor has not closed the estate; and that the will, after providing for the payment of testator's debts, gives the estate to the children to be distributed as the children reach twenty-five years of age. The complaint prays that defendant, as executor and trustee, be compelled to pay Grace Lee the monies which she expended for medical services and any other sums expended by her for the minors in excess of the monthly payments made to her in conformity with the separation agreement.

Defendant demurred for that the complaint failed to state a cause of action. The demurrer was sustained, and plaintiffs appealed.

*B. B. Hollowell and R. E. Whitehurst for plaintiff appellants.*
*Ward & Tucker for defendant appellee.*

RODMAN, J. The case presents two questions: (1) Can liability be imposed on the estate of the deceased father beyond his contractual obligations for the support of his minor children residing with their mother?

The liability of the father's estate to make the monthly payments to the mother for the support of the minors as provided in the deed of separation is not questioned.

So far as liability of the estate is concerned, the only question is: What obligation, if any, exists in favor of the minors beyond the monthly payments provided for in the deed of separation? The answer is none. *Elliott v. Elliott,* 235 N.C. 153, 69 S.E. 2d 224. It was there

held that the obligation imposed by the common law on a father to support his minor children terminated at his death. Additional authorities supporting the conclusion there reached may be found in the notes 18 A.L.R. 2d 1126.

(2) Can the properties willed by the father to be distributed to the minors as they reach their twenty-fifth birthday be used to reimburse their mother for monies expended by her for their care? This question likewise requires a negative answer.

The law in this State imposes a duty on both parents to provide, within their means, for the necessary support of their minor children. This is primarily an obligation of the father. *Smith v. Hewett,* 235 N.C. 615, 70 S.E. 2d 825; *Wells v. Wells,* 227 N.C. 614, 44 S.E. 2d 31; *In re Ten Hoopen,* 202 N.C. 223, 162 S.E. 619; *Sanders v. Sanders,* 167 N.C. 319, 83 S.E. 490.

The fact that the father, during life, is primarily responsible for the support, maintenance, and education of his minor children does not relieve the mother of her responsibility. Upon the death of the father, a duty rests on the mother to the best of her ability to provide for the support of her children. This we conceive to be the common law as adopted in North Carolina. *Casualty Co. v. Lawing,* 225 N.C. 103, 33 S.E. 2d 609. A like conclusion has been reached in other states. *Whitehurst v. Singletary,* 50 S.E. 2d 80 (Ga.); *Pettigrew v. Williams,* 16 S.E. 2d 120 (Ga.); *Davidson's Adm'x. v. Davidson,* 117 S.W. 2d 1044; *In re Nolan's Guardianship,* 249 N.W. 648; *Workman v. Workman,* 178 S.E. 121 (S.C.); *In re Siems' Estate,* 179 N.Y.S. 875. It is true that expressions can be found in cases from other states indicating a contrary view, 46 C.J. 1276 and notes, but we think the view here expressed is the sounder view. Our view of the common law is recognized by statute, and the willful failure to provide adequate support is, as to the offending party, made a misdemeanor. G.S. 14-322.

This action is predicated on the theory that the minors and their estate are legally liable to their mother for their support or for such sums as she may have expended for them in excess of the amounts provided by her deceased husband. There is no allegation that the mother is without adequate means to properly support her children or to supplement to the extent necessary the funds available from her husband's estate under the separation agreement.

The husband's will is dated 8 August 1953, the same day the separation agreement was made. Apparently the parties then thought that the monthly payments were either adequate for the support of the children or that the mother, with her own estate, could and would provide such supplementary funds as might be necessary. Provision was made in the agreement to protect against a rising cost of living.

The father's estate has not been settled. It may, as alleged in the complaint, be solvent; but what amount will remain after the $10,500 fixed by the separation agreement for the college education is not alleged.

The estate of the minors cannot be used to pay a nonexistent debt to their mother. The property of minors can only be used for their support when the parents are unable to properly provide such support. Upon appropriate allegations and findings of fact, the properties of the minors can be used to provide for their necessary support. *Casualty Co. v. Lawing, supra.* The judgment is

Affirmed.