ALLEN J. BRANDON v. JANE HUTCHINS BRANDON

No. 7121DC27

(Filed 24 February 1971)

1. Infants § 9— awarding custody of minor — ex parte order

Trial court had authority to issue an *ex parte* order awarding the father custody of his 18-month-old son pending a hearing on the merits. G.S. 50-13.5(c)(2); G.S. 50-13.5(d)(2).

2. Infants § 9— child custody hearing — notice to the wife — unscheduled hearing

The fact that a child custody hearing was held at least one week prior to the date scheduled by the husband was not prejudicial to the wife, notwithstanding the wife was also entitled to five days notice prior to the hearing, where the wife appeared at the hearing and presented testimony, and where the wife failed to show that she would have benefited from a later hearing.

3. Notice § 3— waiver of notice

A party entitled to notice of a motion may waive such notice.

4. Infants § 9; Rules of Civil Procedure § 6— child custody hearing — five days notice to parent — waiver of notice

The right of a parent to have at least five days notice of a child custody hearing is not an absolute right but may be waived by the parent. G.S. 50-13.5(e)(1), (2); G.S. 1A-1, Rule 6.

5. Appeal and Error § 10.5— motion in the Court of Appeals — addition of new parties

Where the trial court had awarded custody of a child to the paternal grandparents rather than to its parents, the Court of Appeals granted the motion of the grandparents to be made a party to the custody action. Rule of Practice in the Court of Appeals No. 20(c).

6. Infants § 9; Parent and Child § 6— child custody hearing — award of child to paternal grandparents — sufficiency of evidence

The trial court in a child custody hearing did not abuse its discretion in awarding custody of an 18-month-old child to the paternal grandparents rather than to its mother or father or to the maternal grandparents, where the paternal grandmother testified that she and her husband were willing to accept the child, that although her home lacked indoor toilet facilities and hot water she could give the child her full attention, and that her two daughters could help her.

7. Infants § 9— child custody hearing — award of counsel fees — abuse of discretion rule

In disallowing the award of counsel fees to the wife's attorney in a child custody hearing, the trial court erred in ruling that it had to find as a "matter of law" that the wife was substantially dependent upon her husband, the applicable statute requiring only that the trial court not abuse its discretion in making its ruling. G.S. 50-13.6.

Brandon v. Brandon

APPEAL by defendant from *Henderson, District Judge,* 29 June 1970 Civil Session of FORSYTH District Court.

This civil action was instituted pursuant to G.S. 50-13.5(b)(1) to determine custody of the 18-month-old child born to the marriage of plaintiff and defendant. Summons was issued and complaint filed on 26 June 1970. At the time the complaint was filed plaintiff also filed an affidavit in which he alleged facts tending to show that defendant was not a suitable person to have custody of the child and asked that he be granted the child's custody pending a hearing. The court entered an *ex parte* order on 26 June 1970 awarding plaintiff custody of the child until the matter could be heard on the merits. A hearing to determine custody was begun on 29 June 1970.

Plaintiff's evidence disclosed: Several weeks prior to the hearing plaintiff and defendant during the course of a hearing in another domestic relations case between them in district court, agreed to a reconciliation in their marriage after having lived separately for some time but defendant failed to consummate the reconciliation. Defendant had been dating several men during the time she and plaintiff had been living apart; she had been seen parked in automobiles until late at night with these men and had also been seen in several places drinking beer with them. There was testimony that indicated defendant had been leaving the child with various relatives to be cared for and that on several occasions she had left the child with these people until late at night.

Defendant's evidence tended to show that plaintiff on occasion had locked defendant out of their living quarters, had told people that defendant had a venereal disease, had been unduly suspicious of defendant, and had mistreated her in various ways.

Both the paternal and maternal grandparents testified at the hearing. The maternal grandmother stated that she lived in a relatively modern house; that she would not mind defendant's child staying with her if defendant was awarded custody; and that she and her husband had been "checked out" for adoption of a child. The paternal grandmother testified that she was 50 years of age, that although the house in which she lived lacked indoor toilet facilities and hot running water she could give the child her full attention, that her daughters could

help her, and that she and her husband were willing to accept custody of the child.

After hearing all the testimony the trial judge found as fact that neither plaintiff nor defendant should have custody; that defendant was not a fit person to have custody of the child; and that custody of the child should be awarded to the paternal grandparents with certain visitation rights granted to the defendant. From an order embodying said findings and awarding custody to said paternal grandparents, defendant appealed.

*Deal, Hutchins and Minor by Richard Tyndall for defendant appellant.*

*Pettyjohn and Dunn by H. Glenn Pettyjohn for plaintiff appellee.*

BRITT, Judge.

[1]  Defendant first assigns as error the entry of order by the trial court awarding plaintiff custody of the child pending a hearing. G.S. 50-13.5 (d) (2) provides that if the circumstances of the case render it appropriate, upon gaining jurisdiction of the minor child the court may enter orders for the temporary custody and support of the child, pending service of process or notice. G.S. 50-13.5 (c) (2) provides that the courts of this state have jurisdiction to enter orders providing for the custody of a minor child when the child resides, has his domicile, or is physically present in this state. The verified complaint and affidavit indicate that the child had her residence, domicile and was physically present in the state at the time of the entry of the order.

In 3 Lee, *N. C. Family Law*, Sec. 222, 1968 Cumulative Supplement, p. 15, we find the following:

"There may be occasions when there is considerable urgency for a temporary order for the custory of a child. In such instances the judge may reach a decision on the basis of affidavits and other evidence produced at a preliminary hearing. The persons who have signed the affidavits are, of course, not present and there is no opportunity to cross examine them, but this is said not to be objectionable because the ultimate right of examination will be afforded the parties at the trial of the cause. The real reason is that

the welfare and custody of a small child is an urgent matter in which substantial harm can be caused by unnecessary delay. Furthermore, all custody orders are from their very nature temporary and founded upon conditions and circumstances existing at the time of the hearing."

We hold that the *ex parte* order entered in this case was authorized; furthermore, the question raised is moot. The assignment of error is overruled.

[2]  Defendant assigns as error the failure of the trial court to allow her motion for a postponement of the hearing when defendant did not have five days notice. The record on appeal reveals that when the case was called for hearing on 29 June 1970 the following transpired:

MR. TYNDALL: If it please the court, the defendant moves to continue the case on the grounds that we have not been able to contact all the witnesses and we are not ready to proceed.

MR. PETTYJOHN: We oppose the motion to continue since we are ready to proceed, and it is my understanding that the defendant's attorney agreed to hear the case today.

COURT: It is the court's understanding that the defendant would be ready to proceed today.

MR. TYNDALL: Your Honor, if I recall correctly, I stated in chambers that we could hear the case if the defendant could get ready by today and I am not ready. Therefore I must move to continue the case.

COURT: I'll deny your motion.

MR. PETTYJOHN: Could we let the record show that all parties agree to hear the case today?

COURT: Call your first witness.

[3]  It appears to be well settled in this jurisdiction that a party entitled to notice of a motion may waive such notice. 6 Strong, *N. C. Index* 2d, Notice, Sec. 3, p. 134. The record before us discloses that plaintiff issued notice of hearing for 7 July 1970 but for some reason attorneys for the parties were before the court on 29 June 1970 as above indicated. It appears that there might have been an agreement between the parties for

the hearing to be held on 29 June 1970 rather than 7 July 1970 but this is not definitely established. If there was such an agreement it should have been set forth in the record, either as a stipulation or as a finding of fact by the trial court. Nevertheless, assuming there was no definite agreement for the hearing to be held on 29 June 1970, we hold that the assignment of error is without merit.

In the case of *In re Woodell*, 253 N.C. 420, 117 S.E. 2d 4, (1960), in an opinion by Parker, Justice, (later Chief Justice), we find the following:

> This Court said in COLLINS v. HIGHWAY COM., 237 N.C. 277, 74 S.E. 2d 709: "A party who is entitled to notice of a motion may waive notice. A party ordinarily does this by attending the hearing of the motion and participating in it."

The record reveals that the hearing in this case began on 29 June 1970 and terminated by entry of the order appealed from on 3 July 1970; that plaintiff presented 13 witnesses, all of whom were cross-examined by defendant's counsel; that defendant testified and introduced five witnesses in addition to herself. Defendant has suggested no additional testimony that would have been available to her at a later hearing and fails to show how she might have benefited from a later hearing.

[4] Although the statutes indicate that ordinarily a parent is entitled to at least five days notice (an intervening Saturday or Sunday excluded) of a hearing involving the custody of a child, G.S. 50-13.5(e)(1) and (2), G.S. 1A-1, Rule 6, this is not an absolute right and is subject to the rule relating to waiver of notice above mentioned. It is also subject to the rule that a new trial will not be granted for mere technical error which could not have affected the result, but only for error which is prejudicial amounting to the denial of a substantial right. 1 Strong *N. C. Index* 2d, Appeal and Error, Sec. 47, p. 192. Defendant has failed to show how she was prejudiced by the court's failure to postpone the hearing, therefore, the assignment of error is overruled.

[5, 6] Defendant contends that the court erred in awarding custody of the child to the paternal grandparents who were not legally before the court and abused its discretion "when the record revealed that the paternal grandparents were in poor health and that their home was very primitively equipped."

Pursuant to motion filed in this court by the paternal grandparents, an order has been entered making them parties to this action, thereby subjecting them to the jurisdiction of this court and of the District Court of Forsyth County to the same extent as if they had been original parties plaintiff. Rule 20 (c) of the Rules of Practice in the Court of Appeals of North Carolina. We do not think the trial judge abused his discretion in awarding custody to the paternal grandparents. His findings that the child's custody should not be awarded to plaintiff or defendant, or to defendant's parents, but should be awarded to plaintiff's parents, are fully supported by the testimony. It is well settled that the question of custody is addressed to the trial court and its decision will be upheld if supported by competent evidence. *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d, 73 (1966) ; *Roberts v. Short,* 6 N.C. App. 419, 169 S.E. 2d 910 (1969) ; *In re McCraw Children,* 3 N.C. App. 390, 165 S.E. 2d 1 (1969). The assignment of error is overruled.

[7]   Finally, defendant contends the trial court erred in failing to find that she is a dependent spouse and awarding fees for her attorney. The record discloses that on 3 July 1970 the trial judge entered an order denying defendant's motion for counsel fees. The order contains the following paragraph:

> "While the court finds as a matter of law that the husband is deemed to be the supporting spouse, the court fails to find from all of the evidence that the wife is, *as a matter of law,* the dependent spouse for lack of showing that she is substantially dependent upon her husband for her maintenance and support or that she is substantially in need of maintenance and support from her husband." (emphasis added)

Taking the words as they were expressed and giving them their normal meaning, it appears that the trial court, by inadvertance or otherwise, held that in order to grant attorney fees on behalf of defendant it was necessary to find as a "matter of law" that she was substantially dependent upon her husband. We do not think the applicable statutes require such finding "as a matter of law."

G.S. 50-13.6 provides as follows: "In an action or proceeding for the custody or support, or both, of a minor child the court may in its discretion allow reasonable attorney's fees to

a dependent spouse, as defined in G.S. 50-16.1, who has insufficient means to defray the expenses of the suit."

The quoted statute provides the trial court with considerable discretion in allowing or disallowing attorney fees in child custody or support cases. The court's discretion in *disallowing* fees appears to be limited only by the abuse of discretion rule; but the court's discretion in *allowing* fees appears to be limited not only by the abuse of discretion rule but by certain provisions of the quoted statute as well as other statutes, particularly G.S. 50-16.1(3) and G.S. 50-16.1(4).

The question before us in the instant case involves the *disallowance* of attorney fees. We hold that the trial court, in its discretion, was fully authorized to disallow attorney fees for defendant's counsel but to disallow such fees as a matter of law was error.

The order awarding custody appealed from is affirmed but the order denying attorney fees is vacated and this cause is remanded for proper determination and order as to attorney fees.

Error and remanded.

Judges CAMPBELL and HEDRICK concur.