MARGIE E. SPRINGS v. WINBORNE F. SPRINGS

No. 7526DC78

(Filed 7 May 1975)

**Divorce and Alimony § 23— decrease in child support — changed circumstances**

> There was a sufficient showing of changed circumstances to support reduction of defendant's child support payments where the evidence showed that defendant's net income from salary had decreased because of increased deductions for social security and income taxes, his V.A. benefits had decreased, and plaintiff's net income had increased from $129 to $388 per month.

APPEAL by plaintiff from *Beachum, Judge.* Judgment entered 29 August 1974 in District Court, MECKLENBURG County. Heard in the Court of Appeals 7 April 1975.

Plaintiff appeals from judgment modifying a prior consent judgment requiring defendant to make alimony and child support payments. The record discloses:

On 15 August 1973 a consent judgment was entered in which the court found, among other things, that defendant was receiving a net salary of approximately $740 per month, and was also receiving approximately $250 per month from the U. S. Government while attending college under the G. I. Bill. The court awarded plaintiff custody of the three children, and required defendant to pay plaintiff $50 per month as permanent alimony and $250 per month for support of the children; the court also awarded plaintiff possession of the home owned by the parties as tenants by the entirety and ordered that defendant continue making payments of $156 per month on the home until 1 June 1974 at which time "the matter of said house shall be reviewed by the parties". Under the provisions of the judgment, defendant assumed the responsibility of paying certain accounts approximating $6,300, agreeing to try to pay at least $200 per month thereon; he also agreed to pay medical and hospital insurance premiums and the parties agreed to share equally in paying medical and dental expenses for the children which insurance benefits did not pay.

On 29 July 1974, on motion of plaintiff, the court entered an order requiring defendant to appear and show cause why he should not be adjudged in contempt for failure to comply with provisions of the consent judgment. On 5 August 1974 defendant

filed motion asking that the support payments be reduced because of changed circumstances.

On 29 August 1974, following a hearing, the court entered judgment making findings of fact and conclusions of law including findings and conclusions that there had been substantial change in circumstances since the entry of the consent judgment, adjudging that defendant was not in willful contempt of the orders of the court, and ordering that defendant continue to make deed of trust and escrow payments on the residence indebtedness but that his $250 monthly child support payments be reduced by the amount of the deed of trust and escrow payments.

Plaintiff appealed.

*Lila Bellar for plaintiff appellant.*

*Harkey, Faggart, Coira & Fletcher, by Francis M. Fletcher, Jr., and Philip D. Lambeth, for defendant appellee.*

BRITT, Judge.

Plaintiff contends the trial court erred for the reason that the findings of fact and conclusions of law are not supported by the evidence presented at the hearing, and there was not sufficient showing of changed conditions to justify the reduction in child support payments. We find no merit in the contention.

We deem it unnecessary to review all of the evidence presented at the hearing or to enumerate the findings of fact and conclusions of law made by the trial court. Suffice it to say, the court found that due to increased deductions for Social Security and income taxes, defendant's net income from salary was reduced from $740 to $674 per month; that defendant expected to receive only $100 from V.A. benefits in September 1974 and not more than $156 in monthly V.A. benefits in October, November and December of 1974 (as contrasted with $250 monthly V.A. benefits at time of the consent judgment) ; that plaintiff's net income from earnings had increased from $129 per month in August of 1973 to $388 per month in August of 1974.

The foregoing key findings are supported by the evidence and we hold that there was sufficient showing of changed circumstances to justify the modification of the consent judgment.

The judgment appealed from is

Affirmed.

Judges HEDRICK and MARTIN concur.