J. D. DAWSON COMPANY, PLAINTIFF v. ROBERTSON MARKETING, INC., DEFENDANT

No. 883SC738

(Filed 21 February 1989)

### 1. Rules of Civil Procedure § 37— sanctions available— sufficiency of notice

While the better practice would have been to specify the section of N.C.G.S. § 1A-1, Rule 37 under which plaintiff was proceeding, defendant nevertheless had sufficient notice that it might have any or all of the sanctions available under Rule 37(d) imposed against it, and the trial court therefore did not err in striking parts of defendant's "Answer, Crossclaim and Counteraction, and Amendment to Crossclaim" for failure to respond to plaintiff's discovery request.

### 2. Rules of Civil Procedure § 6— shortened notice period— defendant present at hearing— no prejudice shown

Defendant failed to show that it was prejudiced by the trial court's order of a shortened notice period and by a last minute change in the hearing location where defendant attended the hearing and participated in it, suggested no additional testimony which would have been available to it at a later hearing, did not show how it would have benefited from a later hearing, and did not object at the hearing to the change in its location. N.C.G.S. § 1A-1, Rule 6(d).

### 3. Rules of Civil Procedure § 60.3— Rule 60(b) motion no substitute for appeal

Defendant could not use a motion under N.C.G.S. § 1A-1, Rule 60(b) as a substitute for appellate review.

APPEAL by defendant from *Phillips, Judge.* Orders entered 4 March 1988 and 11 March 1988 in Superior Court, PITT County. Heard in the Court of Appeals 15 February 1989.

This is a civil action wherein plaintiff seeks to recover damages arising out of a contract with defendant to install a computer system for plaintiff. Plaintiff also seeks punitive damages and attorney's fees. Defendant answered and counterclaimed for specific performance of the contract. On 26 February 1988, plaintiff filed a motion to compel discovery and a motion for sanctions pursuant to Rule

J. D. DAWSON CO. v. ROBERTSON MARKETING, INC.

[93 N.C. App. 62 (1989)]

37 of the North Carolina Rules of Civil Procedure. Plaintiff also filed an *ex parte* motion, pursuant to Rule 6(d) of the North Carolina Rules of Civil Procedure, seeking to shorten the regular notice period required for motions. The trial court granted plaintiff's motion for a shortened notice period and set the hearing on plaintiff's motions for 4 March 1988. At the 4 March 1988 hearing, the trial court ruled for plaintiff and sanctioned defendant by striking portions of defendant's pleadings and awarding attorney's fees to plaintiff.

On 9 March 1988, defendant filed a motion pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure for relief from the 4 March 1988 order. Defendant also filed a motion pursuant to Rule 6(d) for a shortened notice period on its pending Rule 60(b) motion for relief. The motion pursuant to Rule 6(d) was granted, and the hearing was set for 11 March 1988. After the hearing, the trial court made the following conclusions:

> 1. That a Rule 60(b) Motion does not lie in this cause. Rule 60(b) has no application to interlocutory orders. By its express terms, it applies only to final judgments or orders. The Court's Order of March 4, 1988 is not a final Order because all claims made in the action have not been adjudicated by that Order. Further, the Rule cannot be used as a substitute for an appeal. (Citations omitted.)

> 2. In the alternative, assuming *arguendo* that a Rule 60(b) Motion does lie, the Court concludes that the Order of March 4, 1988 is proper in all respects and the Court concludes that said Order should stand. (Citations omitted.)

On 14 March 1988, defendant appealed from both the order entered on 4 March 1988 and the order entered on 11 March 1988.

*Ward and Smith, P.A., by Kenneth R. Wooten, for plaintiff, appellee.*

*Darden, Coyne, Bruce & Harris, P.A., by H. Buckmaster Coyne, Jr., and Robert A. Bruce, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends the "trial court committed reversible error as a matter of law in imposing sanctions in the form of striking defendant's answer, crossclaim and counteraction [sic] and

amendment to crossclaim [sic] in response to plaintiff's motion to compel discovery and motion for sanctions." Essentially, defendant argues plaintiff's motion to compel and motion for sanctions pursuant to Rule 37 of the North Carolina Rules of Civil Procedure were insufficient to support the trial court's order striking defendant's pleadings because the motions did not specifically ask for all of the particular sanctions imposed.

Rule 37(d) states in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Under Rule 37(b)(2)(C), a court may sanction a party by "striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . ." "The choice of sanctions under Rule 37 lies within the court's discretion and will not be overturned on appeal absent a showing of abuse of that discretion." *Routh v. Weaver*, 67 N.C. App. 426, 429, 313 S.E. 2d 793, 795 (1984).

Here, plaintiff, in its motion, requested an order imposing sanctions upon defendant pursuant to Rule 37. Although plaintiff did not specify the section of Rule 37 it wished to proceed under, it did state in the motion that plaintiff had served "Plaintiff's First Interrogatories and Requests for Production of Documents" on defendant and that "Defendant has failed to timely respond to the aforesaid discovery requests and has refused, and continues to refuse, to provide responses to said requests." Plaintiff prayed in its motion for "full recovery of expenses, including attorneys' fees, occasioned by Defendant's failure to make timely discovery,

**J. D. DAWSON CO. v. ROBERTSON MARKETING, INC.**

[93 N.C. App. 62 (1989)]

and for such other and further relief as the Court may deem appropriate." While the better practice would be to specify the section of the rule under which the moving party wishes to proceed, we hold that under these circumstances defendant had sufficient notice that it may have any or all of the sanctions available under Rule 37(d) imposed against it. We hold the trial court did not err in striking parts of defendant's "Answer, Crossclaim and Counteraction, and Amendment to Crossclaim" pursuant to Rule 37 and further find no evidence of abuse of discretion. Defendant gave no legitimate reason for its failure to respond to plaintiff's discovery request and concedes in its brief that "these factors may not constitute good cause excusing defendant's failure to properly respond. . . ." The trial court imposed the sanctions under Rule 37 that it deemed appropriate. Since we can find no abuse of judicial discretion, we must uphold the sanctions imposed.

[2] Defendant next contends the "trial court abused its discretion in ordering a shortened notice period and ordering relief in the form of striking defendant's pleadings on plaintiff's motion to compel and motion for sanctions." As we have previously found no abuse of discretion as to the sanctions imposed by the trial court, we will only address defendant's "shortened notice period" argument.

It is defendant's contention that it was "extremely prejudiced [in its] ability to adequately prepare for the hearing" because it received actual notice of the 4 March 1988 hearing on 2 March 1988, and the hearing location was changed at the last minute.

Rule 6(d) of the North Carolina Rules of Civil Procedure, in pertinent part, provides:

> A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application.

Plaintiff filed an *ex parte* application with the trial judge which was granted. Defendant was afforded notice by telephone as well as written notice. The record reflects that defendant appeared at the hearing. The trial court's order states that "[t]he Court, hearing no objection to the nature and form of the hearing and the notice thereof given to the Defendant and upon Defendant

being present and announcing that it was ready to proceed with the hearing, the Court proceeded to consider the matters presented." Defendant did in fact participate in the hearing.

It is well-settled that "a party entitled to notice of a motion may waive such notice." *Brandon v. Brandon*, 10 N.C. App. 457, 460, 179 S.E. 2d 177, 179 (1971). Defendant, like the defendant in *Brandon*, has suggested no additional testimony that would have been available to it at a later hearing and does not show how it would have benefited from a later hearing. Assuming, *arguendo*, that notice was improperly given, defendant has waived the notice requirement by attending the hearing of the motions and participating in it. *See Story v. Story*, 27 N.C. App. 349, 219 S.E. 2d 245 (1975).

Likewise, the record reflects that defendant did not object at the hearing to the change in the hearing location. Defendant has failed to show any possible resulting prejudice and cannot now be heard to complain about the location of the hearing. These assignments of error have no merit.

[3] Lastly, defendant argues the "trial court committed reversible error in entering its March 11, 1988 order on the grounds that defendant's motion for relief from order of March 4, 1988 was a proper use of N.C.R. Civ.P. 60(b) as a matter of law, and that based on the facts of this case, the entry of such order was an abuse of discretion." Defendant concedes in its brief that the 4 March 1988 order is not a final order as to the portions which strike defendant's answer and affirmative defenses. Defendant's sole contention set forth by these assignments of error is that the 4 March 1988 order striking defendant's counterclaim in its entirety effectively dismisses the action and therefore is a final judgment or order as required by Rule 60(b).

Even assuming that the 4 March 1988 order was a final judgment or order, defendant has failed to set forth any valid grounds for relief in his Rule 60(b) motion. It is clear by the wording of defendant's motion that it is attempting to assert errors in law in the 4 March 1988 order as a basis for relief. In substance, defendant sought only to raise additional arguments in its Rule 60(b) motion in an effort to show that the trial court acted contrary to law in the 4 March 1988 order. It is well-settled in this jurisdiction that erroneous judgments may only be corrected by appeal "and that a motion under G.S. 1A-1, Rule 60(b) of the Rules of

Civil Procedure cannot be used as a substitute for appellate review." *Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E. 2d 115, 117, *disc. rev. denied and appeal dismissed*, 303 N.C. 319, 281 S.E. 2d 659 (1981). Furthermore, even if the Rule 60(b) motion is considered a proper motion under the circumstances, defendant has shown no abuse of discretion. This assignment of error is meritless.

Affirmed.

Judges WELLS and LEWIS concur.