JO PERRY BROWNE v. JOSEPH M. BROWNE, JR.

No. 906DC750

(Filed 19 February 1991)

1. **Divorce and Alimony § 24.1 (NCI3d) — child support — hearing on reasonable needs of children and ability of parent to pay — findings**

     Any failure by defendant in a child support action to give proper notice of his request that a hearing be conducted was waived because both parties introduced evidence without objection and the trial court heard the evidence. The trial court was required to find facts and enter conclusions on the evidence since a hearing was conducted and evidence was offered, and the court was also required to make findings as to the criteria that justified varying from the guidelines. N.C.G.S. § 50-13.4(c).

     **Am Jur 2d, Divorce and Separation § 1054.**

2. **Divorce and Alimony § 24.1 (NCI3d) — child support — estate of children not considered — no error**

     The trial court did not err by refusing to diminish or relieve the father of his obligation to provide for his children in a child support action simply because the children had their own separate estates. The supporting parent who can do so

remains obligated to support his or her minor children, even though they may have property of their own.

**Am Jur 2d, Divorce and Separation §§ 1039, 1040.**

3. **Divorce and Alimony § 24.1 (NCI3d)— child support—guidelines—health insurance**

The trial court did not enter a child support order consistent with the applicable presumptive guideline then in effect where the guideline at that time was twenty-five percent of defendant's gross income; the trial court correctly calculated that application of the twenty-five percent guideline would require defendant to pay $778 per month as child support; the trial court varied the guideline amount by giving defendant a credit of $182.69 for health insurance maintained by defendant upon the plaintiff and the two children; and a credit for health insurance was not consistent with the guidelines. N.C.G.S. § 50-13.4(c).

**Am Jur 2d, Divorce and Separation § 1044.**

4. **Appeal and Error § 106 (NCI4th)— alimony pendente lite—interlocutory decree—not appealable**

An appeal of an award of alimony pendente lite was dismissed as interlocutory.

**Am Jur 2d, Appeal and Error §§ 137, 138.**

Judge COZORT concurring.

APPEAL by defendant from order filed 22 May 1990 in BERTIE County District Court by *Judge J. D. Riddick, III.* Heard in the Court of Appeals 25 January 1991.

*Smith, Daly & Skinner, P.A., by Lloyd C. Smith, Jr. and Roswald B. Daly, Jr., for plaintiff-appellee.*

*Josey, Josey & Hanudel, by C. Kitchin Josey, for defendant-appellant.*

GREENE, Judge.

In this civil action, the trial court on 27 March 1990 awarded custody of two children to plaintiff, ordered the defendant to pay child support, and granted alimony *pendente lite* to the plaintiff.

The defendant appeals the awards of child support and alimony *pendente lite*.

After conducting a hearing considering the evidence offered by the parties, the trial court entered the following pertinent findings of fact, conclusions of law and order:

### FINDINGS OF FACT:

. . . .

9. The Defendant's gross income from his employment with the Bertie County School System is $23,360.00 per year, which is paid in 10 monthly payments of $2,336.00 per month.

The Defendant is the beneficiary of the testamentary trust known as the 'James A. Browne Trust' which is presently administered by Planters National Bank and Trust Company. The Defendant is an income beneficiary of this trust only. The Defendant has received annual income distributions from this trust, approximately one-third of which is tax free income, as follows: for the year 1987, $11,850.00; for the year 1988, $14,250.00; for the year 1989, $13,750.00; and for the year 1990, from January through March 1, 1990, $4,200.00 which indicates that the Defendant will again receive an annual income of approximately $14,000.00 per year from this trust.

10. The aforesaid two minor children were beneficiaries under the Will of the father of the Defendant; the mother of the Defendant died intestate shortly after the death of the father of the Defendant leaving as her sole heir the Defendant who renounced his right to take as such sole heir leaving the two minor children herein the sole heirs of the Defendant's mother which resulted in the children receiving substantial assets, including the home in which the parties lived at the time of the separation; each child has an estate in excess of $300,000.00 consisting of real and personal property. From September 1987, through September 1988, John M. Perry, the Guardian of said children reimbursed the Defendant for $4,184.97 in living expenses for said children and from September 1988, through September 1989, said Guardian reimbursed the Defendant for $7,495.61 in living expenses for said children.

Since September 1989, the Clerk of the Superior Court of Bertie County, the judicial official overseeing said Guardian,

BROWNE v. BROWNE

[101 N.C. App. 617 (1991)]

has allowed the Guardian to pay to the mother for each child the sum of $250.00 per month for each child as well as to pay dental bills of the oldest child in the amount of $75.00 per month instead of reimbursing the Defendant for their living expenses.

. . . .

13. . . . . The Defendant has also maintained medical insurance upon his wife and his children with Blue Cross and Blue Shield through his employment at a cost of $182.69 per month since the separation of the parties.

. . . .

CONCLUSIONS OF LAW:

. . . .

8. The Defendant has adequate income and resources available to him whereby he should be required to pay child support in a reasonable amount and alimony *pendente lite,* as he earns $23,360.00 per year from his employment as a teacher and receives not less than $14,000.00 per year as trust income approximately one-third of which is not taxable for State and Federal purposes so that the Defendant has an income in excess of $37,000.00 per year. The Court has given additional consideration to his failure to make debt service payments, his actual income, and the needs of the minor children and wife.

The fact that the children have separate incomes and estates does not diminish or relieve the obligation of the Defendant to support his minor children.

. . . .

NOW THEREFORE, based upon the foregoing findings of fact, [and] conclusions of law . . . it is ordered, adjudged, and decreed that:

. . . .

3. The Defendant is ordered to pay the sum of $595.00 per month as child support, with the first such payment being due and payable into the Office of the Clerk of the Superior Court of Bertie County, on April 15, 1990, and with a like

BROWNE v. BROWNE

[101 N.C. App. 617 (1991)]

payment on the fifteenth day of each successive month. The Defendant is also to maintain in full force and effect the present hospitalization and medical insurance coverage which the Defendant has and pays for with his present employer. If the Defendant should change employers, he is to maintain substantially similar coverage on the aforesaid children without any lapse in coverage. The Court finds that twenty-five percent (25%) of the Defendant's gross annual income of $37,360.00 is a fair percentage for the Defendant to pay for the support of his two minor children which means that he is being required to pay $778.00 per month for the support of said children. When given credit for the cost of the medical and hospitalization insurance in the amount of $182.69 per month, he is required to pay $595.00 in cash which is $297.50 per child per month.

. . . .

4. . . .

a. The Defendant will pay the sum of $700.00 per month as alimony *pendente lite* to the Plaintiff until the entry of an Order on permanent alimony, the death of the Plaintiff, or her remarriage, whichever occurs first. The first such payment will be paid into the Office of the Clerk of the Superior Court of Bertie County on April 15, 1990, with a like payment of alimony *pendente lite* on the 15th day of each successive month.

---

The issues presented are: (I) whether the amount of child support was determined consistent with N.C.G.S. § 50-13.4; and (II) whether an award of alimony *pendente lite* is appealable.

I

The method for determining the amount of child support has undergone substantial modification in the last several years, moving away from discretionary awards towards the use of presumptive guidelines. *See Greer v. Greer*, 101 N.C. App. 351, 399 S.E.2d 399 (1991). Several reasons prompted the changes, including for example the large volume of child support cases litigated in the district courts and the desire for uniformity in the amount of the child support for similarly situated children.

## Pre 1 October 1987

Prior to 1 October 1987, the trial court was required to set child support

> in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

N.C.G.S. § 50-13.4(c) (1987). This statute did not establish any formula for determining the amount of child support. Instead, the statute left computation of the amount of support to the sound discretion of the trial judge. *Plott v. Plott*, 313 N.C. 63, 69, 326 S.E.2d 863, 867 (1985). However, the trial court was required to make conclusions of law and specific findings of fact. *Id.* Specifically, conclusions were required "as to the amount of support necessary 'to meet the reasonable needs of the child' and the relative ability of the parties to provide that amount." *Id.* at 68-69, 326 S.E.2d at 867. Findings were required "so that an appellate court . . . [could] ascertain whether the judge below gave 'due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.' " *Id.* at 69, 326 S.E.2d at 867.

## 1 October 1987—30 September 1989

On 1 October 1987, "uniform statewide advisory guidelines for the computation of child support obligations" were enacted. N.C.G.S. § 50-13.4(c1) (1987). Variations from the advisory guidelines were permitted upon a showing of one or more of eight criteria specifically listed in subsection (c1). *Id.* Precise guidelines were to be established by the "Conference of Chief District [Court] Judges." *Id.* Under these advisory guidelines, the trial court continued to be required to make conclusions and findings on the reasonable needs of the children and the relative abilities of the parents to pay support. *Id.* This was so even when the trial court set support consistent with the guidelines.

## 1 October 1989—30 September 1990

On 1 October 1989, the child support guidelines became presumptive, and the requirement that the trial court in every in-

stance hear evidence and make findings and conclusions regarding the "reasonable needs of the child" and the "relative ability of each parent to pay support" was deleted. N.C.G.S. § 50-13.4(c1) (1987 & Supp. 1989). The trial court was required to hear evidence "relating to the reasonable needs of the child for support and the relative ability of each parent to pay support" *only* "when requested by a party . . . ." N.C.G.S. § 50-13.4(c) (1987 & Supp. 1989). If such a request was made and such evidence was taken, the trial court was required to make findings and conclusions relating to this evidence. *Id.* The eight criteria of the previous version of the statute continued to represent grounds for deviating from the presumptive guidelines until 1 July 1990. N.C.G.S. § 50-13.4(c1). The trial court was permitted to deviate from the presumptive guidelines *only* if evidence was taken on "the reasonable needs of the child for support and the relative ability of each parent to pay support," and then *only* "if, after considering evidence regarding one or more of the [eight] criteria," the trial court found "that application of the guidelines would not meet the reasonable needs of the child . . . ." N.C.G.S. § 50-13.4(c). After hearing the evidence, if the trial court deviated from the presumptive guidelines, the trial court was required to "make findings of fact as to . . . [any of the eight] criteria that . . . [justified] varing [sic] from the guidelines and the basis for the amount ordered." *Id.*

## 1 October 1990 — Present

On 1 October 1990, Section 50-13.4(c) was again amended, continuing in place the presumptive nature of the guidelines. N.C.G.S. § 50-13.4(c) (Supp. 1990). However, effective 1 July 1990, the eight criteria previously representing grounds for deviating from the presumptive guidelines were deleted. The trial court instead is permitted to deviate from the presumptive guidelines *only* "upon request of any party" that the trial court hear evidence "relating to the reasonable needs of the child for support and the relative ability of each parent to provide support," and then *only* if the trial court determines that "the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate . . . ." *Id.* In the event a request is made and such evidence is taken, the trial court is required to make findings of fact and enter conclusions of law "relating to the reasonable needs of the child for support and the relative ability of each parent to provide support." *Id.* Finally, if after hearing

evidence the trial court determines that some amount other than the presumptive amount of support should be awarded, the trial court "shall make findings of fact as to the criteria that justify varying from the guidelines and the basis for the amount ordered." *Id.*

Under both the 1 October 1989 and the 1 October 1990 versions of the presumptive guidelines, the trial court is not, absent a request by a party, required to take any evidence, make any findings of fact, or enter any conclusions of law "relating to the reasonable needs of the child for support and the relative ability of each parent to [pay or] provide support." This requirement for advance notice eliminates needless evidentiary hearings and needless fact finding and conclusion making. The party required to give the advance notice is the party requesting a variance from the guidelines. The statute does not identify any time restrictions for making the request for a hearing. However, to effectuate the purpose of the statute, any party in a pending action requesting a variance from the guidelines must, unless the request is made in the original pleadings, give at least ten days written notice as required in N.C.G.S. § 50-13.5(d)(1) (Supp. 1990). In the absence of such a timely notice, the trial court will hear only such evidence as may be necessary for a determination of a proper application of the relevant child support formula as from time to time the Conference of Chief District Court Judges adopts. Absent a timely and proper request for a variance of the guidelines, support set consistent with the guidelines is conclusively presumed to be in such amount as to meet the reasonable needs of the child for health, education, and maintenance.

[1] Because the order of child support presently before this Court was entered in March of 1990, we review the correctness of that order in accordance with the presumptive guidelines in effect at that time. Our review of the record does not reveal any motion by either party requesting the trial court to conduct a hearing to determine the reasonable needs of the children or the relative ability of each parent to pay support for the children. However, when the case was called for trial, both parties introduced evidence on these relevant issues without objection and the trial court heard the evidence. Therefore, any failure by this defendant to give proper notice of his request that a hearing be conducted was waived. *Cf. J. D. Dawson Co. v. Robertson Marketing, Inc.*, 93 N.C. App. 62, 66, 376 S.E.2d 254, 256 (1989) (party entitled to notice of motion may waive notice); *see also Brandon v. Brandon*, 10 N.C. App.

457, 460, 179 S.E.2d 177, 179 (1971) ("party entitled to notice of a motion may waive such notice"). Since a hearing was conducted and evidence "relating to the reasonable needs of the . . . [children] for support and the relative ability of each parent to pay support" was offered, the trial court was required to find facts and enter conclusions on this evidence. N.C.G.S. § 50-13.4(c) (1987 & Supp. 1989). The court was also required, if it deviated from the application of the guidelines, to "make findings of fact as to the criteria that . . . [justified] varing [sic] from the guidelines and the basis of the amount ordered." *Id.*

[2] Here, the trial court entered findings of fact and made conclusions of law on the reasonable needs of the children for support and the relative ability of each parent to pay support. The defendant argues that the trial court's findings and conclusions relating to the reasonable needs of the children are deficient because they reflect that the trial court did not give due consideration to the "separate income and estates of each of the children in establishing the amount of child support to be paid by the defendant." We reject this argument. The trial court specifically found as a fact that each child had an estate "in excess of $300,000.00 consisting of real and personal property." The fact that the trial court concluded that the "separate incomes and estates" of the children did "not diminish or relieve the obligation of the Defendant to support his minor children" is in this case immaterial. The supporting parent who can do so remains obligated to support his or her minor children, even though they may have property of their own. *Lee v. Coffield*, 245 N.C. 570, 573, 96 S.E.2d 726, 728-29 (1957). In this case there are ample findings of fact supported by the evidence that the defendant father was able to support his children. Therefore, the trial court was correct in refusing to "diminish or relieve" the father of his obligation to provide for his children simply because the children had their own separate estates.

[3] Notwithstanding the above, the trial court did not enter the support order consistent with the applicable presumptive guideline in this case which, at that time, was twenty-five percent of the defendant's gross income. The trial court correctly calculated that application of the twenty-five percent guideline would require the defendant to pay $778.00 per month as child support. However, the trial court varied the guideline amount by giving the defendant a credit in the amount of $182.69 per month for health insurance maintained by the defendant upon the plaintiff and the two children.

BROWNE v. BROWNE

[101 N.C. App. 617 (1991)]

According to the eight criteria, the trial court was not allowed to vary the presumptive amount of child support based upon the "provision of health insurance coverage." A.O.C., Child Support Guidelines, AOC-A-162, B(6) (New 10/89). By varying the presumptive guideline amount because of the defendant's maintenance of health insurance on the plaintiff and the children, the trial court acted in violation of N.C.G.S. § 50-13.4(c) (1987 & Supp. 1989). A credit for the health insurance should not have been given because such credit was not consistent with the guidelines. Accordingly, we remand this case to the trial court to set support consistent with the presumptive guidelines in effect in March of 1990. We note that under the present guidelines "[i]f either parent . . . [carries] health insurance for the child(ren) [who are] due support, the cost of that coverage for that parent and . . . [child(ren)] should be deducted form [sic] that parent's gross income" in computing monthly adjusted gross income pursuant to the current worksheets. A.O.C., Child Support Guidelines, AOC-A-162, C (Rev. 7/90).

II

[4] "[A]wards *pendente lite* are interlocutory decrees which necessarily do not affect a substantial right from which lies an immediate appeal pursuant to G.S. 7A-27(d)." *Stephenson v. Stephenson*, 55 N.C. App. 250, 252, 285 S.E.2d 281, 282 (1981) (italics added). Accordingly, the defendant's appeal of the *pendente lite* award of alimony is dismissed as interlocutory.

Vacated and remanded in part and dismissed in part.

Judge PARKER concurs.

Judge COZORT concurs by separate opinion.

Judge COZORT concurring by separate opinion.

I concur with both ultimate conclusions reached by the majority: (1) that the case must be remanded to set support consistent with the applicable statutes; and (2) that the *pendente lite* alimony award is not immediately appealable. On the first issue, however, I cannot agree with all of the issues discussed and opinions expressed by the majority.

I note initially that neither party raised at trial or on appeal the issue of whether a timely request was made for hearing evidence

ODUM v. NATIONWIDE MUTUAL INS. CO.

[101 N.C. App. 627 (1991)]

and making findings pursuant to N.C. Gen. Stat. § 50-13.4(c) (1987 & Cum. Supp. 1990). Any discussion of that issue is thus unnecessary to the resolution of this case, especially in light of the majority's holding that the notice requirement was waived. Furthermore, I am compelled to comment on the majority's interpretation of N.C. Gen. Stat. § 50-13.4(c) that "upon request of any party" means ten days' advance notice. I must disagree. The statute clearly states only "upon request" and makes no provision for advance notice of any duration. If the General Assembly had intended the statute to require advance notice, it could have specified such notice and the length thereof. Thus, on the first issue, I vote simply to reverse the trial court's order which sets support at a level which varied from the guidelines and to remand the case to the trial court for entry of a new order.