KATHLEEN HAMMILL, Plaintiff v. JAMES DENNIS CUSACK, Defendant

No. 9319DC1196

(Filed 21 February 1995)

**1. Divorce and Separation § 430 (NCI4th)— child support— registration of foreign order—modification of order**

Registration of a foreign child support order pursuant to N.C.G.S. § 52A-24 *et seq.* results in treatment of the order as if issued by a court in this state, and a party may thereafter seek modification of the order under N.C.G.S. § 50-13.7(b).

**Am Jur 2d, Divorce and Separation §§ 1078 et seq.**

**2. Divorce and Separation § 445 (NCI4th)— child support— changed circumstances—involuntary income reduction**

A significant involuntary decrease in a child support obligor's income satisfies the necessary showing of changed circumstances for modification of the child support order even in the absence of any change affecting the child's needs.

**Am Jur 2d, Divorce and Separation §§ 1078 et seq.**

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

**3. Divorce and Separation § 392.1 (NCI4th)— child support guidelines—applicability to modification of order**

The child support guidelines apply to modification of child support orders as well as to the initial orders.

**Am Jur 2d, Divorce and Separation §§ 1078 et seq.**

HAMMILL v. CUSACK

[118 N.C. App. 82 (1995)]

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

4. **Divorce and Separation § .445 (NCI4th)— modification of child support—involuntary income reduction—findings of reasonable needs not required**

The trial court did not err by reducing a child support obligation based upon a substantial involuntary reduction in the obligor's income without making findings and conclusions concerning the child's needs and expenses absent a party's request in advance for deviation from the child support guidelines or for such findings of fact and conclusions of law. The amount of support set by the court pursuant to the guidelines was thus conclusively presumed to be adequate for the child's reasonable needs.

**Am Jur 2d, Divorce and Separation §§ 1078 et seq.**

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

Appeal by plaintiff from order entered 29 June 1993 by Judge Frank M. Montgomery in Rowan County District Court. Heard in the Court of Appeals 1 September 1994.

*Attorney General Michael F. Easley, by Associate Attorney General Elizabeth J. Weese, for the plaintiff-appellant.*

*No brief filed for defendant-appellee.*

JOHN, Judge.

Plaintiff contends the trial court, in reducing previously ordered child support, erred by failing to make findings regarding the minor child's past expenses or present needs. We disagree.

Pertinent procedural facts are as follows: Under an order of the Trumbull County, Ohio, Court of Common Pleas, defendant's child support obligation was set at $570.00 per month. In addition, he was required to pay $46.69 per month for health insurance as well as 77% of all non-covered medical, dental, and optical expenses incurred by the minor child.

Defendant, a podiatrist, relocated to North Carolina. For a brief period he was unemployed, received no income, and as of 31 October 1992 had accumulated arrearage in the amount of $1,798.47. Plaintiff gave notice of registration of the foreign support order pursuant to N.C. Gen. Stat. § 52A-29 (1992), and defendant thereafter moved for modification of the support payments decreed therein.

At the hearing on defendant's motion, he presented testimony concerning his current financial situation. Plaintiff did not appear or offer evidence, but was represented by counsel. In its order dated 2 July 1993, the court included the following dispositive findings of fact:

4. That at the time of the entry of the prior Order the Ohio Court found that Defendant's gross income was Seventy Three Thousand Four Hundred Fifty Five Dollars ($73,455.00) per year and the Plaintiff's gross income was Twenty Two Thousand Dollars ($22,000.00) per year.

5. That since the entry of the Ohio Order there has been a substantial and material change of circumstance to warrant a modification of the Prior Order regarding child support.

6. That the Defendant has had a substantial reduction in earnings as a result of closing his Ohio practice and moving from Ohio to Rowan County, North Carolina.

7. That in 1991 Defendant's gross income was Thirty Five Thousand Five Hundred Fifty Dollars ($35,550.00); that in 1992 Defendant's gross income was Twenty One Thousand Dollars ($21,000.00).

8. That since the entry of the Prior Order the Defendant has a new baby one year of age and his wife is pregnant with another child.

Based upon its findings, the court concluded there existed a "substantial and material change of circumstance to warrant a modification" of the Ohio support order. The court thereafter computed defendant's support obligation as $233.00 per month upon reference to Worksheet A of the North Carolina Child Support Guidelines (the Guidelines). Defendant was also directed to continue paying $46.69 per month for health insurance, but his share of all uninsured medical bills for the minor child was reduced to 47%.

---

The primary focus of plaintiff's argument is her contention that a child support modification order must include findings, based upon competent evidence, relative to the minor child's actual past expenses and present reasonable needs. The failure of the trial court to recite such findings in the order *sub judice*, plaintiff continues, and the subsequent conclusion that a substantial change of circumstances had occurred, based solely upon evidence of a decrease in defendant's income, constituted reversible error. We find plaintiff's assertions unpersuasive.

[1] Registration of a foreign support order pursuant to N.C. Gen. Stat. § 52A-24 (1992) *et seq.* results in treatment of the order as if issued by a court of this State. N.C. Gen. Stat. § 52A-30 (1992). Following registration, a party may thereafter seek modification under N.C. Gen. Stat. § 50-13.7(b) (1987), which states in pertinent part:

> When an order for support of a minor child has been entered by a court of another state, a court of this State may, upon gaining jurisdiction, and upon a showing of changed circumstances, enter a new order for support which modifies or supersedes such order for support, . . . .

*Id.*

[2] The burden of demonstrating changed circumstances rests upon the moving party. *Davis v. Risley*, 104 N.C. App. 798, 800, 411 S.E.2d 171, 173 (1991) (citing *Searl v. Searl*, 34 N.C. App. 583, 239 S.E.2d 305 (1977)). Plaintiff relies upon *Davis* for her contention that the changed circumstances must relate exclusively to "child-oriented expenses." *Id.* at 800, 411 S.E.2d at 172-73 (citing *Gilmore v. Gilmore*, 42 N.C. App. 560, 563, 257 S.E.2d 116, 118 (1979)). Nonetheless, it is now settled that a significant involuntary decrease in a child support obligor's income satisfies the necessary showing even in the absence of any change affecting the child's needs. *Pittman v. Pittman*, 114 N.C. App. 808, 810-11, 443 S.E.2d 96, 97-98 (1994); *see also Springs v. Springs*, 25 N.C. App. 615, 616, 214 S.E.2d 311, 312-13 (1975) (sufficient showing of changed circumstances to support child support reduction where obligor's net income decreased because of lowered V.A. benefits and added deductions for social security and income taxes, and obligee's net income had increased), and *O'Neal v. Wynn*, 64 N.C. App. 149, 151-53, 306 S.E.2d 822, 823-24 (1983), *aff'd*, 310 N.C. 621, 313 S.E.2d 159 (1984) (determination of changed circumstances and reduction of child support affirmed absent change in child's needs where obligor's income decreased as a result of losing job and

borrowing money to start new business). This is in recognition of "the ultimate objective in setting awards for child support[, that is,] to secure support commensurate with the needs of the children *and* the ability of the [obligor] to meet the needs." *Pittman*, 114 N.C. App. at 810, 443 S.E.2d at 97 (citing *Gibson v. Gibson*, 24 N.C. App. 520, 211 S.E.2d 522 (1975)) (emphasis added).

**[3]** Once a movant has met the burden of establishing changed circumstances, the trial court then "proceeds to follow the Guidelines and to compute the appropriate amount of child support." *Davis*, 104 N.C. App. at 800, 411 S.E.2d at 173. The Guidelines apply to modification of child support orders as well as to initial orders. *Greer v. Greer*, 101 N.C. App. 351, 354, 399 S.E.2d 399, 401 (1991) (citing 1989 N.C. Sess. Laws ch. 529, § 9).

Under the Guidelines, the trial court, unless requested in advance by a party, is not required either to receive evidence, make findings of fact, or enter conclusions of law " 'relating to the reasonable needs of the child for support and the relative ability of each parent to [pay or] provide support.' " *Browne v. Browne*, 101 N.C. App. 617, 624, 400 S.E.2d 736, 740 (1991) (quoting N.C. Gen. Stat. § 50-13.4(c) (Cum. Supp. 1990)). In *Browne*, we stated the rationale underlying the advance request requirement as follows:

> This requirement for advance notice eliminates needless evidentiary hearings and needless fact finding and conclusion making. The party required to give the advance notice is the party requesting a variance from the guidelines. . . . Absent a timely and proper request for a variance of the guidelines, *support set consistent with the guidelines is conclusively presumed to be in such amount as to meet the reasonable needs of the child for health, education and maintenance.*

*Id.* (emphasis added).

**[4]** Upon review of the record herein, we find no request by any party for deviation from the Guidelines nor any request for findings of fact and conclusions of law. Accordingly, the child support amount ordered by the trial court is "conclusively presumed" to be adequate for the minor child's reasonable needs, *Browne*, 101 N.C. App. at 624, 400 S.E.2d at 740, and it was not error for the court to fail to make findings and enter conclusions concerning the child's needs and expenses.

Notwithstanding, plaintiff insists *Greer*, 101 N.C. App. 351, 399 S.E.2d 399, mandates such findings. Her reliance upon *Greer* is misplaced. The order reviewed therein was issued 14 November 1989. *Id.* at 352, 399 S.E.2d at 400. It was therefore considered in light of the Guidelines in effect at that time which provided that "a court determining a parent's child support obligation shall . . . from the evidence find the facts relating to the reasonable needs of the child for support . . . ." *Id.* at 354, 399 S.E.2d at 401 (citing A.O.C., Child Support Guidelines, AOC-A-162 (New 10/89). As a result, the *Greer* trial court was indeed obligated to "find the facts relating to the reasonable needs of the child for support . . . ." *Id.*

However, the order in the case *sub judice* was issued 29 June 1993. The Guidelines in effect as of that date do not contain the requirement cited above, and findings of fact are prescribed therein only to justify deviation from the presumptive amount of child support. A.O.C., Child Support Guidelines, AOC-A-162 (Rev. 8/91). Hence, *Greer* is inapposite and the trial court was under no obligation to make findings of fact absent a specific request therefor. G.S. § 50-13.4(c).

Affirmed.

Judges EAGLES and ORR concur.

Judge ORR concurred prior to 5 January 1995.